Irving H. Saypol, J.
Petition for an order confirming the arbitrator’s award in the sum of $7,500 on a claim made under the uninsured motorist indorsement of the automobile liability insurance policy issued by the respondent is granted. The parties have stipulated that that award was for the petitioner’s pain and suffering and for that amount of his special damages not paid as first-party benefits under the no-fault indorsement (the 20% of lost wages, Insurance Law, § 671, subd 2, par [a]). First-party benefits of $4,063 were previously paid on claims under the no-fault indorsement. The respondent seeks to assert this amount as a lien to be deducted from the arbitrator’s award for pain and suffering.
Section 673 of the Insurance Law gives an insurer a lien to the extent of first-party benefits paid or payable on the proceeds of an action brought by a covered person against a noncovered person. In addition, the "failure of such [covered] person to commence such action (emphasis supplied) within two years after the accrual thereof shall operate to give the insurer a cause of action for the amount of first party benefits paid or payable against any person who may be liable to the covered person for his personal injuries”. This section provides for the recovery by an insurer from a noncovered person of first-party benefits paid to its insured involved in that type of accident. It does not suggest or require a recovery from the insured’s arbitration award under the uninsured motorist indorsement. To interpret section 673 of the Insurance Law otherwise would lead to the anomalous result that the insured would be paying his own no-fault benefits out of the compensation for his pain and suffering, items specifically excluded from no-fault payments.
Nor does recovery under both of these indorsements, viz., the no-fault and uninsured motorists indorsements, represent a double recovery or unjust enrichment for an injured insured. Each indorsement, for which a separate premium is paid, is designed to compensate for different types of damage, albeit arising out of the same occurrence. The fact that an *433 insurer may not be able to collect from an uninsured motorist the no-fault benefits it has paid should not make the injured insured the source of that repayment in the absence of specific statutory authorization.
If the regulations promulgated by the State Insurance Department (11 NYCRR 65.6 [q]) to implement section 673 of the Insurance Law purport to permit an insurer to recover first-party benefits from an award for pain and suffering received under the uninsured motorist indorsement, they are in conflict with the underlying statute and may not be implemented. The petition is granted.