Richard Aronson, J.
Petitioner commenced this proceeding to obtain an order pursuant to the provisions of article XVIII of the Insurance Law vacating a workmen’s compensation lien filed by the respondent, The Hartford Insurance Company (Hartford), on a proposed "no-fault” settlement with the respondent, Firemans Fund Insurance Company (Fire-mans), or in the alternative, in the event the court does not vacate the lien, petitioner seeks an order pursuant to section 29 of the Workmen’s Compensation Law granting him permission to compromise and settle his claim against Fireman’s insureds and allocating counsel fees as against the lien and the balance of the settlement.
In his affidavit in support of his application, petitioner states that on September 19, 1975, while in the course of his employment with the Town of Salina Highway Department, he was involved in an accident with the insureds of respondent Firemans. As a result he sustained personal injuries, incurred medical expenses in the treatment of those injuries and lost time from work for which he applied for and received workmen’s compensation benefits from Hartford. Hartford, *689 coincidentally, is also the "no-fault” carrier for the Town of Salina Highway Department.
Hartford has claimed a lien upon the proceeds of the proposed settlement pursuant to subdivision 1 of section 29 of the Workmen’s Compensation Law for the compensation benefits paid by it to the petitioner. Further, it refuses to consent to the settlement because it claims petitioner is on continuing disability and, therefore, the lien amount has not been fixed.
Petitioner contends that the lien is improper, relying on subdivision 1 of section 673 of the Insurance Law which provides as follows: "Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.”
It is the petitioner’s position that this section precludes recovery at any time for basic economic loss, the only recovery permitted in serious injury cases against the wrongdoer being for noneconomic loss which means pain and suffering only (Insurance Law, § 671, subd 3). Consequently, inasmuch as the proposed settlement does not include reimbursement for basic economic loss, to wit, lost earnings or medical expenses, petitioner argues that it would be improper to permit Hartford to file a lien and recover thereunder from and against proceeds of the settlement of a claim no part of which includes reimbursement for those expenses paid by Hartford.
Hartford contends that pursuant to subdivision 1 of section 29 of the Workmen’s Compensation Law a lien is valid against the proceeds from "any recovery” from the negligent party, and, accordingly, its lien is valid, citing Grello v Daszykowski (NYLJ, March 4, 1976, p 12, col 4).
Notwithstanding the ruling in that case it has been held that in analogous situations where insurers paying first-party benefits have asserted liens pursuant to the provisions of subdivision 2 of section 673 of the Insurance Law against a recovery under subdivision 1 of section 673, those liens have been vacated and set aside on the ground that the recoveries were for pain and suffering only. (Matter of Adams [Government Employees Ins. Co.], 52 AD2d 118; Matter of Spitaleri v Hartford Acc. & Ind. Co., 88 Misc 2d 431.)
The court is of the opinion that the Legislature of this State intended to negate the filing of workmen’s compensation liens *690 against settlements under section 673 of the Insurance Law by including within the section the wording, '' [notwithstanding any other law”. This clause would seem to overrule the language of section 29 of the Workmen’s Compensation Law, as it applies to causes of action for personal injury under article XVIII of the Insurance Law. Further, it would be unfair and unjust to validate a lien asserted against the proceeds of a settlement which do not in fact reimburse the injured party for those expenses which the lienor advanced. Such procedure would result in an employed injured person paying for benefits mandated by the "no-fault” law while an unemployed person would receive those benefits free and clear of any lien and undiminished by the claim of a workmen’s compensation carrier. Accordingly, if we were to adopt Hartford’s arguments, the petitioner would in fact be paying his own first-party benefits.
Moreover, an examination of the lien of the compensation carrier as specified in subdivision 1 of section 29 of the Workmen’s Compensation Law discloses that such a lien is valid on the proceeds of any recovery "to such extent such recovery shall be deemed for the benefit of such [workmen’s compensation carrier]”. Because the petitioner’s recovery in the case at bar covers solely his noneconomic loss, it cannot be considered or deemed to be for the benefit of workmen’s compensation carrier to any extent in view of the fact, as aforesaid, that the petitioner is not being reimbursed for any of those expenses advanced by Hartford.
For the foregoing reasons, the workmen’s compensation lien filed by the respondent Hartford is declared to be invalid and is vacated and set aside. It follows that the approval of the settlement is not required by respondent Hartford since it has no interest therein.