■ ALLAN B. STRAUSS, Appellant, v RUDOLPH A. DI CICCO et al., Respondents.—In an action to recover for services rendered pursuant to a contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County, dated November 15, 1977, which denied his motion to remove this action to that court and for leave to serve an amended complaint. Order reversed, with $50 costs and disbursements, and motion granted. Plaintiff is hereby directed to serve a copy of the amended complaint upon the defendants within 20 days after the entry of the order to be made hereon. The plaintiff originally brought this action in Small Claims Court seeking to recover for certain services rendered pursuant to a contract. The defendants served an answer and counterclaim in the amount of $11,500. The plaintiff subsequently sought to remove the case to the Supreme Court and to serve an amended complaint setting forth a cause of action based upon the theory of *quantum meruit.* Special Term held that since the plaintiff had elected to sue on the contract with full knowledge of the facts, he could not change his theory of recovery to one which does not recognize the existence of a contract. The court based its holding on its belief that a party who has two inconsistent remedies must elect to pursue only one of them. However, this is not the present state of the law. The common-law doctrine of election of remedies has been severely limited in its application, both by legislative mandate in certain situations (see CPLR 3002) and by the courts in others (see *Plant City Steel Corp. v National Mach. Exch.,* 23 NY2d 472; *Cohn v Lionel Corp.,* 21 NY2d 559; *Smith v Kirkpatrick,* 305 NY 66). As stated in *Smith v Kirkpatrick (supra,* p 74), this doctrine "is a harsh one and should not be extended". Even if the remedies sought herein are inconsistent, CPLR 3014 specifically provides that "Separate causes of action * * * may

be stated regardless of consistency. Causes of action * * * may be stated alternatively or hypothetically." Furthermore, CPLR 3025 (subd [b]) states that "Leave [to amend] shall be freely given upon such terms as may be just". Finally, the defendants, who have counterclaimed for $11,500, have failed to allege that they will suffer any prejudice by the amendment of the complaint. The granting of the motion will permit a full trial of the controversy between the parties. Mollen, P. J., Latham, Damiani and Suozzi, JJ., concur.