In the Matter of the Claim of EUGENE GIANDOMENICO, Respondent. MEADOW GOLD PRODUCTS CORPORATION, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, November 26, 1980

APPEARANCES OF COUNSEL

*Solomon & Rosenbaum, Dreschler & Leff (Michael F. McGahn* of counsel), for appellant.

*Gary J. Grayson* for Eugene Giandomenico, respondent.

OPINION OF THE COURT

MAIN, J.

The claimant was employed by Meadow Gold Products Corp. (Meadow), a distributor of ice cream products in metropolitan New York, as a route driver. All of the route drivers, including the claimant and most all of the other employees, were members of Local 757 of the International Brotherhood of Teamsters (Union). Meadow, in order to further its objective of hiring steady and reliable drivers

available when needed and the Union, in an attempt to provide regular employment for more of its members and to enhance their economic welfare, took advantage of certain of the overtime exemption provisions of the Fair Labor Standards Act (US Code, tit 29, ch 8) and entered into a bargaining agreement. The crux of this contract, insofar as is pertinent here, was an agreement whereby instead of paying the route drivers overtime within the pay period within which it was earned, the employer would bank or credit overtime hours to the individual driver. At some time later during the slack business season when it had no need for its full complement of route drivers, it would designate certain periods of time during which a number of drivers would be laid off or be "out on traded time". The determination as to who would be "out" was made on the basis of seniority with the result that ofttimes a driver with little or no seniority who had accumulated overtime would be forced "out" for a period of several weeks. During the period of time that the driver was "out", he was compensated from a fund created by the banked overtime. The rate of pay that he received was fixed by the agreement and was somewhat in excess of his base pay so as to take into account the commissions he would lose when in the "off" status. It was while this claimant was forced out on traded time that he filed the claim for benefits which is the subject of this appeal. The board found that the claimant was totally unemployed for the seven-week period and, therefore, entitled to benefits.

The employer contends that the record is without substantial evidence to support the board's determination that the claimant was unemployed within the meaning of subdivision 1 of section 591 of the Labor Law, that the claimant was unavailable, and that the board decision contravenes the purpose of the Labor Law. We disagree.

The record conclusively demonstrates that the claimant was laid off, or, stated another way, was forced out on traded time. His employer concededly had no work for him for a period of seven weeks. Of critical importance is the fact that the money he received from the employer was not wages or remuneration or vacation pay but was his own previously earned money which had been held by the em-

ployer for an extended period of time. In short, he had no employment for seven weeks and no remuneration from his employer, and the extension of certain fringe benefits did not change his situation. The right of an employee to unemployment insurance benefits is to be adjudicated by the administrative authority and the courts on the basis of the facts and is not determined by the employer on the basis of whatever label or designation he may from time to time apply *(Matter of Walker [Catherwood]*, 28 AD2d 256, 260).

The emloyer's assertion that the claimant was unavailable (Labor Law, § 591, subd 2) is bottomed upon a provision in the collective bargaining agreement which provides: "Employees are not permitted to engage in any other occupation or business while in the company's employ." We need make no comment upon this provision because of the substantially supported conclusions of the board that the claimant was not in the employ of the company during this seven-week period.

Lastly, we do not subscribe to the employer's contention that the board decision was contrary to the spirit and purpose of the Unemployment Insurance Law (Labor Law, art 18). This assertion is apparently based upon the fact that the claimant was receiving base salary and so did not need benefits. Again, claimant was not receiving salary or wages but rather his own previously earned money and need is not the criterion for eligibility under unemployment compensation programs *(Christian v New York State Dept. of Labor, Div. of Employment*, 347 F Supp 1158).

The decision should be affirmed, without costs.

HERLIHY, J. (dissenting). There is substantially no dispute as to the facts. It is primarily an interpretation of the terms of a contract and its application to the Unemployment Insurance Law (Labor Law, art 18).

The test of rationality (substantial evidence) must take into account the legislative intent to compensate the "innocent victim" of unemployment. It is admitted that the contract of employment requires time off equivalent to overtime time. To say that the result is "unemployment" is unrelated to reality since these are the terms contracted for. At the very least the claimant is on a period of agreed time

off without salary. However, he has neither lost his employment nor been paid money previously earned. In all actuality he is fully employed but need not physically report to work.

It is certain that on an annual basis the claimant is receiving the *entire* compensation contracted for as commissions plus time off at an hourly rate.

His seniority is not altered; he continues to accumulate vacation credits; receives paid vacation unrelated to the traded time system and the employer continues to make pension and welfare contributions on the employee's behalf.

Affirming the board in this case is to embrace the theory that, as a matter of law, compensatory time off is the equivalent of unemployment and that the contract of employment may be simply disregarded. While contracts are not binding on the board as to the substance of the employment relationship, the present record contains no evidence whereby it can be disregarded as to route drivers.

To uphold the board, in my opinion, establishes an unwarranted extension of the Unemployment Insurance Law and is in complete disregard of subdivision 1 of section 591 of the Labor Law which provides in part: "Benefits shall be paid only to a claimant who is totally unemployed". (See *Matter of Van Teslaar [Levine]*, 35 NY2d 311, 315, 316.)

The decision of the board is arbitrary and capricious and lacks the support of substantial evidence. Accordingly, it should be reversed.

SWEENEY, J. P., KANE and CASEY, JJ., concur with MAIN, J.; HERLIHY, J., dissents and votes to reverse in a separate opinion.

Decision affirmed, without costs.