■ BLUE CROSS OF CENTRAL NEW YORK, INC., et al., Appellants, v BLANCHE WHEELER, as Administratrix of the Estate of FRANK WHEELER, Deceased, Respondent. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiffs, Blue Cross and Blue Shield, allege in their complaint that on January 17, 1980 Blue Cross paid $305.96 to Schuyler Hospital by mistake for services rendered to Elfriede Wheeler; that prior to July 31, 1980 Blue Shield paid $73.50 to Schuyler Medical Associates by mistake for services rendered to Elfriede Wheeler; and that Blue Cross and Blue Shield have demanded that the defendant repay the sums of money hereinabove set forth, but the defendant has refused and failed to do so and, therefore, owes $389.46 to the plaintiffs. Defendant's answer denies the allegations of the complaint and alleges as an affirmative defense that defendant was and is not lawfully obligated to answer for the debt or default of Elfriede Wheeler and by reason thereof the complaint fails to state a cause of action. After the receipt of defendant's answer, plaintiffs moved for summary judgment for the amounts alleged in the complaint and defendant cross-moved for summary judgment dismissing the complaint. In support of their motion for summary judgment, plaintiffs submitted an affidavit of their attorney and their business records. From the records, it appears that the plaintiffs made payments to the hospital and to the medical associates for hospital and medical services rendered to Elfriede Wheeler who was named as the wife of the defendant in a medical and hospital insurance policy issued to the defendant. The payments were made after the policy had expired for lack of payment of premiums. Special Term denied plaintiffs' motion and granted summary judgment in favor of the defendant dismissing the complaint. In doing so, it stated that the plaintiffs did not pay the moneys to the defendant and absent any improper conduct by the insured,

the law does not require reimbursement to an insured by anyone other than the payee. We disagree with Special Term's statement of the law. The law permitting a person to recover for moneys paid by mistake is based upon the principle of unjust enrichment (44 NY Jur, Payment, § 96). "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." (Restatement, Restitution, § 1.) A person may be unjustly enriched not only where he receives money or property, but also where he otherwise receives a benefit. He receives a benefit where his debt is satisfied or where he is saved expense or loss (Restatement, Restitution, § 1; *3105 Grand Corp. v City of New York*, 288 NY 178, 181-182; *Eightway Corp. v Dime Sav. Bank of Williamsburgh*, 94 Misc 2d 274, 280, affd 99 Misc 2d 989; *Allcity Ins. Co. v Bankers Trust Co. of Albany*, 80 Misc 2d 899). Here defendant may have derived a benefit from the payments mistakenly made by the plaintiffs for the services supplied to Elfriede Wheeler. Upon a proper showing that she was the wife of the defendant at the time the services were rendered, the defendant may be responsible for the reasonable value of those services as necessaries furnished his wife. In that event the payments made by the plaintiffs would have satisfied his debt and saved him that expense. Since the complaint is insufficient to support this cause of action, we agree with Special Term that the complaint should have been dismissed. It appears, however, that the plaintiffs may have a cause of action against the defendant and we, therefore, modify the judgment appealed from by granting the plaintiffs leave to serve an amended complaint within 20 days after the entry of the order of this court. (Appeal from order of Supreme Court, Onondaga County, Sullivan, J. — summary judgment.) Present — Dillon, P. J., Callahan, Denman, Boomer and Moule, JJ.