◼ ELECTRIC INSURANCE COMPANY, Appellant, v TRAVELERS INSURANCE COMPANY et al., Defendants, and ALLSTATE INSURANCE COMPANY, Respondent.—Casey, J.

Pursuant to the "Additional Personal Injury Protection Endorsement" contained in its policy of automobile liability insurance covering a vehicle owned and operated by one Thomas Pugliese, plaintiff paid additional first-party benefits to passengers in the covered vehicle who were injured in a two-car collision in Florida. Contending that its coverage as to two of the injured parties, Penny and Terry Glass, was excess over that provided under a policy of insurance issued by defendant Allstate Insurance Company (hereinafter defendant), plaintiff commenced this action to recover from defendant the amount paid to the Glasses. The parties cross-moved for summary judgment and Special Term granted defendant's motion. Plaintiff appeals.

Pursuant to the provisions of plaintiff's policy of insurance issued to Pugliese in New York in conformity with Insurance Law article 51, the Glasses were not eligible injured persons under the "Mandatory Personal Injury Protection Endorsement" of plaintiff's policy. Following the accident in April 1981, the Glasses filed claims with plaintiff, and plaintiff paid additional first-party benefits pursuant to the Additional Personal Injury Protection Endorsement. Thereafter, plaintiff apparently discovered that the Glasses were eligible injured persons under the Mandatory Personal Injury Protection Endorsement contained in defendant's policy of automobile liability insurance issued in New York to the Glasses' father. Plaintiff filed for special arbitration against defendant in April 1984 seeking reimbursement of the amount paid to the Glasses. The request for arbitration was subsequently withdrawn in favor of this action.

In the meantime, the Glasses commenced negligence actions in Florida against the owner and operator of the Florida vehicle involved in the accident. On December 16, 1983, these actions were settled and the Glasses executed releases in favor of the Florida parties.

Defendant contends that upon payment of benefits to the Glasses, plaintiff became subrogated to the Glasses' rights and that since any rights the Glasses may have had to benefits under defendant's policy were forfeited by their failure to give defendant timely notice of the accident and by their settlement of the Florida negligence actions, plaintiff has no right to reimbursement from defendant. Plaintiff argues that its claim for reimbursement is based not upon subrogation, but upon the theory of unjust enrichment, and an examination of plaintiff's complaint supports this argument. We conclude, however, that in the circumstances herein plaintiff has no cause of action based upon unjust enrichment. "A person may be deemed to be unjustly enriched if he (or she) has received a benefit, the retention of which would be unjust * * * A conclusion that one has been unjustly enriched is essentially a legal inference drawn from the circumstances surrounding the transfer of property and the relationship of the parties. It is a conclusion reached through the application of principles of equity" (Sharp v Kosmalski, 40 NY2d 119, 123).

For the purposes of unjust enrichment, a person receives a benefit where his debt is satisfied or where he is saved an expense or loss (Blue Cross v Wheeler, 93 AD2d 995). No wrongful act on the part of the party enriched is required (Simonds v Simonds, 45 NY2d 233, 242).

Plaintiff maintains that defendant was saved the expense of having to pay first-party benefits to the Glasses under the Mandatory Personal Injury Protection Endorsement of defendant's policy. However, had defendant paid first-party benefits to the Glasses, it would have had a lien against the proceeds of the Glasses' settlement in their Florida negligence actions (Insurance Law § 5104 [b]). Accordingly, it is not clear that defendant received a benefit which it ought not to retain. Since this is an equitable action, plaintiff's failure to act promptly in notifying defendant of the claim (see, 11 NYCRR 65.15 [d] [8]) and plaintiff's failure to seek reimbursement out of the proceeds of the Glasses' settlement (see, Aetna Cas. & Sur. Co. v Jackowe, 96 AD2d 37) are factors which also can be considered as weighing against plaintiff's claim. Special Term's order granting summary judgment to defendant should be affirmed.

Order affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.