■ HERBERT F. REILLY, JR., as Executor of HERBERT F. REILLY, Deceased, and as Administrator of the Estate of WINIFRED M. REILLY, Deceased, Respondent, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.—Mercure, J.

Appeal from an order of the Supreme Court (Dier, J.), entered May 11, 1987 in Washington County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff's decedents were involved in an automobile accident in Delaware on April 28, 1977 while riding in a vehicle which was insured by defendant. The policy provided mandatory personal injury protection in accordance with Insurance Law former article 18, including additional coverage for any accident taking place outside of New York *(see,* Insurance Law former § 63, as amended by L 1973, ch 13, § 4). This action was commenced to recover contractual and punitive damages alleged to have resulted from defendant's failure to pay medical expenses incurred by or on behalf of plaintiff's decedents for injuries received in the accident. A substantial portion of these medical expenses was paid in the first instance by Medicare. After issue was joined, defendant moved for summary judgment upon the ground that plaintiff was not entitled as a matter of law to recover under the insurance policy for any medical expenses which had been paid by Medicare. Supreme Court denied summary judgment. This appeal ensued. We affirm.

Insurance Law former § 671 (2) (b) (as added by L 1973, ch 13), in effect at the time of the accident herein, excluded from "first party benefits" amounts recovered or recoverable "under state or federal laws providing social security disability benefits, or workmen's compensation benefits". This section was subsequently amended by Laws of 1977 (ch 892, § 7) to add Medicare to the list of offset benefits (Insurance Law § 5102, as renum by L 1984, ch 805).

Initially, the Legislature's addition of Medicare to the list of offset benefits in 1977 leads to the inescapable conclusion that these benefits had not been offset prior to that time. As evidence, a memorandum relating to the 1977 amendment stated that "a double recovery by insureds entitled to Medicare benefits would be eliminated" (Exec Dept mem, 1977 McKinney's Session Laws of NY, at 2448). Thus, by clear implication, the double benefit was available to insured persons prior to the December 1, 1977 effective date of the amendment *(see, Wellington v City of New York,* 101 Misc 2d 970; *see also, Matter of McKenna v County of Nassau Off. of*

*County Attorney,* 75 AD2d 815, *affd* 51 NY2d 902; *Amidon v Firemen's Ins. Co.,* 69 AD2d 979, *lv denied* 48 NY2d 604).

Next, we reject defendant's contention that the language of the insurance policy excludes the double recovery sought by plaintiff. The interpretation which defendant would give to this policy provision, constituting nothing more than a restatement of the language of 11 NYCRR 65.3, directly contravenes Insurance Law former § 671 (2) *(see, Matter of Spitaleri v Hartford Acc. & Indem. Co.,* 88 Misc 2d 431, 432). We find equally untenable defendant's argument that the double recovery which plaintiff may recover would constitute an unjust enrichment, since plaintiff's decedents paid for the very benefit which plaintiff seeks to recover from defendant *(see, Sharp v Kosmalski,* 40 NY2d 119, 123; *Electric Ins. Co. v Travelers Ins. Co.,* 124 AD2d 431).

Defendant's remaining contentions have been considered and found unpersuasive. Summary judgment was correctly denied.

Order affirmed, with costs. Casey, J. P., Yesawich, Jr., Harvey and Mercure, JJ., concur.