■ UNITED SYSTEMS ASSOCIATES et al., Respondents, v NORSTAR BANK UPSTATE NEW YORK, Appellant.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered December 1, 1989 in Putnam

County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Frank B. Paino (hereinafter plaintiff), doing business as plaintiff United Systems Associates, maintained a business checking account with defendant upon which he and his wife were authorized to make deposits and withdrawals. On August 14, 1988 plaintiff sent a letter to defendant directing that his wife be removed as a signatory on the account and that she no longer be allowed to make withdrawals from the account. On August 18, 1988 defendant acknowledged receipt of plaintiff's letter. On August 24, 1988 defendant honored a counter check in the amount of $11,000 drawn on said account by plaintiff's wife. Thereafter, defendant refused to honor a business check drawn on said account by plaintiff because the debit of his wife's check left insufficient funds to cover the subsequent check. When plaintiff learned of this he commenced this action for negligence and conversion, claiming damages for loss of business funds and the stigma of having checks dishonored.

Approximately one month after the instant action was commenced plaintiff's wife, in an unrelated matrimonial action, was awarded $24,094.34 in support arrears. Plaintiff was given a credit of $11,000 and was directed to pay his wife $13,094.34. Defendant then moved in the instant action to dismiss plaintiff's complaint. In support of the motion, defendant submitted an affidavit from plaintiff's wife in which she avers that the $11,000 credit allowed plaintiff in the matrimonial action was the result of the $11,000 withdrawal made by her from plaintiff's account on August 24, 1988. Supreme Court denied defendant's motion and this appeal ensued.

In support of its motion and on this appeal, defendant argues that Supreme Court should have granted the motion on theories of unjust enrichment, equitable estoppel and/or waiver. Initially we observe that Supreme Court erred in denying defendant's motion to dismiss plaintiff's cause of action sounding in conversion. To establish a cause of action in conversion, plaintiff must allege legal ownership of specific and identifiable property. A checking account, which does no more than create a debtor-creditor relationship, does not satisfy that requirement and cannot be converted (*Luxonomy Cars v Citibank*, 65 AD2d 549, 550).

With regard to plaintiff's cause of action for negligence, defendant claims that summary judgment should have been granted on a theory of unjust enrichment. A claim for unjust enrichment is usually asserted by a plaintiff to recover mon-

eys from a defendant who has received a benefit where his debt is satisfied or where he has been spared an expense or loss *(Electric Ins. Co. v Travelers Ins. Co.,* 124 AD2d 431; *Blue Cross v Wheeler,* 93 AD2d 995). In the instant case, defendant seeks to assert the theory as a defense. While the approach here is novel, we perceive that there is no good reason not to embrace the doctrine in the context presented lest we "ignore and render impotent the rich and vital impact of equity on the common law" *(Sharp v Kosmalski,* 40 NY2d 119, 123). Defendant maintains that plaintiff was saved the expense of having to pay $11,000 in support arrears to his wife by reason of defendant's payment of the check drawn by her on plaintiff's account. Based on the affidavit of plaintiff's wife in support of defendant's motion, it cannot be gainsaid that the moneys withdrawn by her resulted in the credit given to plaintiff in the matrimonial action. It certainly seems inequitable, unjust and circuitous to require defendant to defend this action and, if unsuccessful, to pursue an action against plaintiff's wife who, in turn, will then have to relitigate matters now resolved in the matrimonial action.

Finally, plaintiff contends that because he seeks not only the loss of business funds, but other consequential damages due to the stigma of having business checks dishonored, Supreme Court properly denied defendant's motion. UCC 4-103 (5) provides for recovery of consequential damages where the depository is guilty of bad faith. Plaintiff's cause of action, however, is for negligence and does not allege bad faith. Assuming, arguendo, that the complaint can be read to assert bad faith, once defendant presented evidence in admissible form demonstrating that plaintiff has effectively recovered the amount of the item, it was incumbent upon plaintiff to present proof of other damages sustained by him. His unsupported allegations that he has been damaged by the stigma of having bad checks dishonored is insufficient to defeat defendant's motion *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

Order reversed, on the law, without costs, motion granted and complaint dismissed. Mahoney, P. J., Weiss, Yesawich, Jr., Crew III, and Harvey, JJ., concur.