■ HERBERT F. REILLY JR., as Executor of HERBERT F. REILLY, Deceased, and as Administrator of the Estate of WINIFRED M. REILLY, Deceased, Respondent, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered March 8, 1990 in Washington County, which granted plaintiff's motion for counsel fees.

Plaintiff commenced this action to recover, *inter alia,* first-party benefits payable as the result of an April 1977 motor vehicle accident in Delaware. The factual background is fully set forth in this court's earlier decision affirming Supreme Court's denial of defendant's motion for summary judgment (139 AD2d 796). Thereafter, plaintiff accepted defendant's offer of $565,244.81 in full settlement of all issues except defendant's liability for payment of plaintiff's counsel fees. Plaintiff then moved for an award of counsel fees in the amount of $185,000. In opposition to the motion, defendant conceded plaintiff's entitlement to reasonable counsel fees but asserted

that an award of $185,000 was excessive and unsupported by the evidence submitted on the motion. Supreme Court granted the motion in its entirety and this appeal ensued.

On appeal, defendant contends only that Supreme Court erred in making any award because the applicable statute, Insurance Law former § 675 (1), did not authorize the recovery of counsel fees incurred in connection with a claim for first-party benefits arising out of an out-of-State accident. Because this presents a question of statutory construction and legislative intent which may be raised for the first time on appeal *(see, American Sugar Ref. Co. v Waterfront Commn.,* 55 NY2d 11, 25, *appeal dismissed sub nom. New York Shipping Assn. v Waterfront Commn.,* 458 US 1101; *Matter of Woodin v Lane,* 119 AD2d 969, 970; *Matter of Baker v Regan,* 114 AD2d 187, 190, *affd* 68 NY2d 335; 1 Newman, NY Appellate Practice § 2.03, at 2-15), we shall consider the merits of defendant's argument.

In our view, the provision of former Insurance Law § 675 (1) (as added by L 1973, ch 13, § 1) that "[t]he claimant shall also be entitled to recover his attorney's reasonable fee if a valid claim [for first-party benefits] or portion thereof was overdue and such claim was not paid before the attorney was retained" applied equally to claims arising out of accidents occurring within and without this State. Any other interpretation would be inconsistent with the clear legislative intent to encourage "insurance compan[ies] [to not] frustrate the operation of the [no-fault] statute by throwing legal obstacles in the path of recovery" *(Matter of Simmons [Government Employees Ins. Co.],* 59 AD2d 468, 473; *see,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 92, 95, 146, 147). We reject defendant's unduly restrictive interpretation of former Insurance Law § 675 (1) as applying only to claims for *mandatory* first-party benefits *(see,* Insurance Law former § 671 [2]) and not to those for "commensurate first-party benefits for personal injury arising out of the use or operation of a motor vehicle in any other state" (Insurance Law former § 63 [2-a] [b], as added by L 1973, ch 13, § 4), which insurers were required to provide upon payment of a modest additional premium. We conclude, therefore, that the subsequent amendment of Insurance Law former § 671 (2) (L 1977, ch 892, § 7), broadening the scope of mandatory first-party benefits to include losses arising out of an out-of-State accident, does not assist defendant. Similarly, because mandatory first-party benefits were payable in connection with out-of-State accidents following the 1977 legislation *(see, ibid.),* the subsequent amendment of Insurance Law for-

mer § 675 (1) to expressly cover claims for *additional* first-party benefits *(see,* L 1981, ch 340, § 1) had no application to claims emanating from out-of-State accidents.

Finally, defendant has not addressed the reasonableness of the counsel fee award on appeal and that argument is therefore deemed abandoned *(see, Campion Funeral Home v State of New York,* 166 AD2d 32; *Waters v Silverock Baking Corp.,* 172 AD2d 984, 985, n).

Weiss, J. P., Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.