■ In the Matter of CITY OF NEWBURGH, Appellant, v ROBERT TRAVIS, Respondent. [644 NYS2d 281]

While we disagree with the court's reasoning, we agree that the court properly denied the petition to stay arbitration because the determination made in a prior action is binding.

Here, Robert Travis, a police officer employed by the petitioner, was involved in a motor vehicle accident wherein he allegedly sustained serious physical injuries. It is uncontroverted that at the time of the incident Travis was driving a police vehicle and was acting within the scope of his employment. The offending vehicle was underinsured.

It is also uncontroverted that on the date of Travis' accident, the petitioner had two policies of insurance above its self-insured retention level, one providing primary coverage and the second providing excess coverage.

In May 1993 Travis advised Gallagher-Basset, as the petitioner's agent, that he intended to make a claim for underinsured motorist benefits pursuant to these policies. Thereafter, he demanded arbitration of his claim pursuant to the terms of the policies.

The petitioner commenced this proceeding for a stay of arbitration contending, *inter alia,* that it did not issue either of the policies and had no agreement providing for the arbitration of underinsured claims.

Here, even assuming the petitioner's contentions are correct, it is precluded from relitigating the issues involved in the present proceeding because these issues are identical to those litigated in a prior proceeding to stay arbitration entitled *Matter of City of Newburgh v Hoffman* (Sup Ct, Orange County, Barone, J. [July 1, 1993]), wherein the court held that the petitioner "provide[d] a source of underinsurance and said claim must be arbitrated".

Despite the fact that the petitioner failed to pursue appellate review of the Supreme Court's determination in *Matter of City of Newburgh v Hoffman (supra),* it attempts to again raise the same issues. However, having not appealed, it cannot now be heard to complain of the results of the course it followed *(see, Koch v Consolidated Edison Co.,* 62 NY2d 548; *Ryan v New York Tel. Co.,* 62 NY2d 494; *Cullen v Naples,* 31 NY2d 818; *Matter of Prudential Prop. & Cas. Ins. Co. v Green,* 146 AD2d 699).

Finally, the policies provided that "any amount payable under this coverage shall be reduced by: (a) all sums paid or payable under any workers compensation, disability benefits or similar law". The petitioner contends it is entitled to an offset for payments made, in accordance with the terms of General Municipal Law § 207-c (6), which provides, in pertinent part, that "a cause of action shall accrue to the municipality for reimbursement in such sum or sums actually paid as salary or wages and or for medical treatment and hospital care as against any third party". We agree. The benefits paid to Travis are analogous to those payments set forth in the policies' offset provisions. Accordingly, the issue of the amount of any offsets is for the arbitrator.

We have reviewed the petitioner's remaining contentions and find them to be without merit. Mangano, P. J., Miller, Ritter and Hart, JJ., concur.