■ In the Matter of the Claim of FRANK PEABODY, Appellant. COMMISSIONER OF LABOR, Respondent. [699 NYS2d 754] —Yesawich Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 9, 1998, which ruled that claimant was not entitled to receive unemployment insurance benefits.

As part of the comprehensive reform of the Workers' Compensation Law and other related statutes in 1996, Labor Law § 591 (5) was added to limit the amount of unemployment insurance benefits paid to a claimant who is receiving workers' compensation benefits (*see*, L 1996, ch 635, § 43). Pursuant to this limitation, the Unemployment Insurance Appeal Board concluded that claimant, who was injured in 1995 and whose workers' compensation benefits exceeded the average weekly wage used to calculate his unemployment benefits, was not entitled to unemployment benefits. Claimant appeals.

Relying on language from the Governor's memorandum supporting the reform legislation, claimant contends that the statutory limitation is based on the preinjury weekly wage used to calculate his workers' compensation benefits and not his postinjury weekly wage. Labor Law § 591 (5) provides that if a claimant is receiving workers' compensation benefits, "the unemployment benefits to which a claimant may be entitled

pursuant to this article shall be limited to the difference between the amount of workers' compensation benefits and one hundred percent of the claimant's average weekly wage". In the absence of anything in the statutory language to indicate that a contrary meaning was intended, there is no basis to disturb the Board's conclusion that the average weekly wage referred to in Labor Law § 591 (5) means the average weekly wage defined in Labor Law former § 590 (2) (*see*, Labor Law § 510; *see also, Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 233). In these circumstances, there is no need to resort to extrinsic evidence of legislative intent (*see, State of New York v Wal-Mart Stores*, 207 AD2d 150, 151-152).

Cardona, P. J., Mikoll, Crew III and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.