[716 NYS2d 732]

In the Matter of the Claim of BERNARD J. LYNCH, Respondent,
v SOUTH NYACK/GRAND VIEW POLICE DEPARTMENT et al.,
Appellants, and STATE INSURANCE FUND, Respondent.
WORKERS' COMPENSATION BOARD, Respondent.

Third Department, November 22, 2000

### APPEARANCES OF COUNSEL

*Jan Ulman,* Pomona, for appellants.

*Edward Obertubbesing,* New York City, for State Insurance Fund, respondent.

### OPINION OF THE COURT

MERCURE, J.

Claimant, a police officer employed by the South Nyack/ Grand View Police Department (hereinafter the employer) in Rockland County, was injured in the performance of his duties on April 29, 1995. Claimant's injuries prevented him from working from that time until approximately April 8, 1998, when his physician permitted him to return to work on a part-time basis for four hours per day. At all relevant times, the employer paid claimant benefits equivalent to his full salary pursuant to General Municipal Law § 207-c. Claimant was awarded compensation from the date of his injury to April 8, 1998, and the employer was reimbursed by the workers' compensation carrier for the amount of those payments pursuant to Workers' Compensation Law § 25 (4) (a).*

At a December 11, 1998 hearing, a Workers' Compensation Law Judge determined that claimant sustained no compensable lost time and no reduced earnings for the period begin-

---

\* Workers' Compensation Law § 25 (4) (a) provides in pertinent part as follows:

> "If the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, he shall be entitled to be reimbursed out of an unpaid instalment or instalments of compensation due."

ning April 8, 1998. On appeal to the Workers' Compensation Board, the employer contended that there was compensable lost time due to the fact that claimant was working part time for a full salary and that it was entitled to reimbursement for that period at one half of the reimbursable rate. In its decision, the Board recognized that the payments made by the employer under General Municipal Law § 207-c qualified as payments made "in a like manner as wages" within the purview of Workers' Compensation Law § 25 (4) (a). Nonetheless, because it agreed with the Workers' Compensation Law Judge's finding of no compensable lost time due to the fact that claimant was working and receiving payments equal to his full-time salary, the Board concluded that there was no "installment of compensation due" from which the employer could be reimbursed (see, Workers' Compensation Law § 25 [4] [a]). The Board therefore concluded that the employer was not entitled to reimbursement for the period at issue. The employer appeals.

We agree with the carrier's contention that claimant's receipt of General Municipal Law § 207-c benefits by no means mandated a finding that he was entitled to workers' compensation benefits following his return to part-time service. "[T]he two statutory systems do not necessarily examine and determine the same issue, in the same way, and under the same protocols, procedures and conditions" (Matter of Balcerak v County of Nassau, 94 NY2d 253, 258). We also agree with the Board's conclusion that the employer is not entitled to reimbursement pursuant to Workers' Compensation Law § 25 (4) (a) during periods when claimant is not receiving compensation. We are bothered, however, by the apparent inconsistency in the Board's implicit holding that a police officer injured in the line of duty is eligible for compensation while receiving General Municipal Law § 207-c benefits so long as he does no work, but receipt of the very same benefits will render him entirely ineligible for compensation following his resumption of partial service, even if only for a small portion of each day. We believe that the critical inquiry, entirely omitted from the Board's analysis, is whether General Municipal Law § 207-c benefits constitute wages within the purview of Workers' Compensation Law § 15 (3) (w) (nonschedule award for permanent partial disability) or § 15 (5) (award for temporary partial disability).

As applicable to claimant's employment, the term "wages" is statutorily defined as "the money rate at which the service

rendered is recompensed under the contract of hiring in force at the time of the accident, including the reasonable value of board, rent, housing, lodging or similar advantage received from the employer" (Workers' Compensation Law § 2 [9]). Patently, although measured by the employee's salary, General Municipal Law § 207-c benefits do not constitute compensation for services rendered under a contract of hire; rather, they are in the nature of disability benefits paid under statutory compulsion in order "to compensate specified municipal employees for injuries incurred in the performance of special work related to the nature of heightened risks and duties" (*Matter of Balcerak v County of Nassau, supra,* at 259; *see, Matter of City of Newburgh v Travis,* 228 AD2d 497, 499 [General Municipal Law § 207-c benefits held analogous to " 'sums paid or payable under any workers compensation, disability benefits or similar law' "]; *accord, Matter of Exchange Ins. Co. [Skomski],* 224 AD2d 948, 949).

Because the statutory definition of "wages" could not under any reasonable construction include disability benefits paid pursuant to statute, we conclude that the Board erred as a matter of law in equating claimant's General Municipal Law § 207-c benefits with actual earnings for the purpose of determining his wage earning capacity pursuant to Workers' Compensation Law § 15 (5-a) (*cf., Matter of Meisner v United Parcel Serv.,* 243 AD2d 128, 130, *lv dismissed* 93 NY2d 848, *lv denied* 94 NY2d 757 [wage earning capacity based on hourly rate actually paid for performance of office work]). We are therefore constrained to reverse the Board's decision and remit the matter for a redetermination of claimant's wage earning capacity for the period beginning April 8, 1998 and an appropriate award of compensation for partial disability on the basis of that wage earning capacity.

CARDONA, P. J., SPAIN, CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.