■ ROBERT H. AUGUSTON, Appellant, v STEPHEN A. SPRY et al., Respondents. [723 NYS2d 103] —In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated February 1, 2000, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint for failure to state a cause of action.

Ordered that the order is modified by deleting the provisions thereof granting those branches of the defendants' motion which were to dismiss the first cause of action, and to dismiss the second and fourth causes of action insofar as asserted against the defendant Arizona Tea Products, Ltd., and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The defendant Stephen A. Spry represented to the plaintiff that he was a director of the defendant Arizona Tea Products, Ltd. (hereinafter Arizona), and that he was acting on its behalf. The plaintiff contracted to invest $200,000 in Arizona, which was to be used to capitalize Arizona's corporate activities

including, but not limited to, the expansion, of Arizona's marketing and sales. In return, the plaintiff was to receive a 15% share in Arizona and appointment as a director of, and employment with, Arizona. In order to induce the plaintiff to invest this money, the defendants represented, among other things, that Arizona owned the distribution rights to Arizona Iced Tea beverages throughout Canada, and was solvent and had no outstanding debts or judgments against it. The plaintiff conveyed $200,000 to Arizona on October 20, 1993.

Approximately 14 months later, after the plaintiff discovered that Arizona was not solvent and did not have the Canadian distribution rights to Arizona Iced Tea beverages, he brought this action, *inter alia*, to recover damages for fraud. The defendants moved to dismiss the amended complaint for failure to state a cause of action, and the Supreme Court granted the motion.

Construing the pleadings in the light most favorable to the plaintiff, deeming all factual allegations therein to be true (*see, Held v Kaufman,* 91 NY2d 425; *Cron v Hargro Fabrics,* 91 NY2d 362), and using the affidavit submitted by the plaintiff in opposition to the defendants' motion to dismiss to remedy defects in the complaint (*see, Cron v Hargro Fabrics, supra; Leon v Martinez,* 84 NY2d 83; *Rovello v Orofino Realty Co.,* 40 NY2d 633), it is clear that the plaintiff has pleaded several viable causes of action.

The first cause of action alleges facts indicating that both defendants participated in a scheme to defraud the plaintiff. CPLR 3016 (b), which requires, *inter alia*, that the circumstances constituting the wrong in a cause of action based on fraud be stated in detail, is not construed so strictly so as to prevent an otherwise valid cause of action where it would be impossible for the plaintiff to state in detail all of the circumstances of the fraud because the knowledge of those details is in the exclusive possession of the defendants (*see, Lanzi v Brooks,* 43 NY2d 778; *Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187; *see also, PDK Labs. v Krape,* 277 AD2d 212; *Grumman Aerospace Corp. v Rice,* 196 AD2d 572; *Bernstein v Kelso & Co.,* 231 AD2d 314). If proven by the plaintiff at trial, this type of fraud would properly merit an award of punitive damages (*see, Giblin v Murphy,* 73 NY2d 769; *cf., Kelly v Defoe Corp.,* 223 AD2d 529). Additionally, while the plaintiff's allegedly unreasonable reliance on the defendants' fraudulent misrepresentations would, if proven, constitute a defense to this cause of action, it does nothing to impair the complaint (*see, Delane Check Cashing Corp. v Katz,* 127 AD2d 735).

In his complaint, as supplemented by his affidavit in opposition to the motion, the plaintiff adequately pleaded causes of action against Arizona alleging breach of contract (*cf., Matter of Sud v Sud,* 211 AD2d 423; *Caniglia v Chicago Tribune-N. Y. News Syndicate,* 204 AD2d 233) and unjust enrichment (*see, Ross v F.E.I., Inc.,* 150 AD2d 228). Additionally, the causes of action alleging breach of contract and unjust enrichment may be pleaded alternatively (*see,* CPLR 3014; *Joseph Sternberg, Inc. v Walber 36th St. Assocs.,* 187 AD2d 225; *Strauss v Di Cicco,* 64 AD2d 979). However, because the plaintiff failed to allege that Spry was a party to the contract, and Spry was enriched as a direct result of the plaintiff's conveyance of $200,000 to Arizona, he cannot maintain these causes of action against Spry.

The plaintiff did not properly plead a cause of action alleging breach of a fiduciary duty. Rather, the facts, as alleged by the plaintiff, would support a shareholder's derivative suit brought on behalf of the corporation (*see, Abrams v Donati,* 66 NY2d 951; *Elenson v Wax,* 215 AD2d 429; *Tornick v Dinex Furniture Indus.,* 148 AD2d 602). The plaintiff's cause of action alleging conversion must fail because he alleges that his money was to be commingled into the corporation's capital. As commingled money, his money was incapable of being converted (*see, Walden Terrace v Broadwall Mgt. Corp.,* 213 AD2d 630; *United Sys. Assocs. v Norstar Bank Upstate N. Y.,* 171 AD2d 922).

In light of our determination, we need not address the parties' remaining contentions. Santucci, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.