In the Matter of the Claim of LAWRENCE J. BURROWS, Respondent. CITY OF NEWBURGH; Appellant. COMMISSIONER OF LABOR, Respondent. [821 NYS2d 280]—

Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 23, 2005, which ruled that claimant was eligible to receive unemployment insurance benefits.

Claimant commenced working in August 2002 as a police officer in training for the City of Newburgh, Orange County. Prior to the completion of his probationary term, claimant was injured during the course of his duties and began receiving payments from the City pursuant to General Municipal Law § 207-c. In July 2003, while claimant was still injured and still on probationary status, the City terminated his employment. Approximately, two weeks after his termination, claimant moved a greater distance outside of the City than is permitted under the police officers' collective bargaining agreement with the City. The City continued to make payments pursuant to General Municipal Law § 207-c until April 2004, when—apparently after a court decision that, due to his move, claimant was no longer entitled to such payments—the City terminated claimant's payments. Upon claimant's application, the Department of Labor determined that he was eligible for unemployment insurance benefits effective January 2004. An Administrative Law Judge sustained this determination over the City's objections and, ultimately, the Unemployment Insurance Appeal Board affirmed. The City now appeals.

Initially, we cannot agree with the City's contention that Labor Law § 591 (5) mandates a reduction in claimant's unemployment insurance benefits by the amount of payments that he received pursuant to General Municipal Law § 207-c. Labor Law § 591 (5) provides: "If a claimant is receiving benefits

pursuant to subdivision six of section fifteen of the workers' compensation law, the unemployment benefits to which a claimant may be entitled pursuant to this article shall be limited to the difference between the amount of workers' compensation benefits and one hundred percent of the claimant's average weekly wage." Although we are sympathetic to the City's argument that, as a matter of equity, General Municipal Law § 207-c benefits should be treated like workers' compensation benefits to avoid compensating at a level beyond the claimant's full salary, we are constrained by the plain and unambiguous language of the statute. Indeed, Labor Law § 591 (5) does not refer to workers' compensation benefits in general, but specifically provides the reduction only for those benefits awarded under Workers' Compensation Law § 15 (6). The City's argument that Labor Law § 591 (5) was also intended to include benefits paid under General Municipal Law § 207-c is unsupported by the statutory language, legislative history and surrounding case law (*see* Labor Law § 591 [5]; *Matter of Peabody [Commissioner of Labor]*, 267 AD2d 703, 704 [1999]).

Next, the City asserts that claimant should have been denied unemployment insurance payments because he was receiving salary payments under General Municipal Law § 207-c and, thus, was not totally unemployed within the meaning of the Labor Law (*see* Labor Law §§ 590, 591 [1]). We note that it is undisputed that the portion of section 207-c benefits at issue here (i.e., those paid during the same, approximately three-week period that claimant received unemployment insurance benefits) were paid *after* the City had terminated claimant's employment. Further, we previously have held that "General Municipal Law § 207-c benefits do not constitute compensation for services rendered under a contract of hire; rather, they are in the nature of disability benefits paid under statutory compulsion" (*Matter of Lynch v South Nyack/Grand View Police Dept.*, 276 AD2d 63, 66 [2000] [rejecting argument that section 207-c benefits constitute actual earnings for the purposes of determining wage earning capacity pursuant to Workers' Compensation Law § 15 (5-a)]; *see Matter of Rain [Commissioner of Labor]*, 250 AD2d 919 [1998] [payments made pursuant to section 207-c do not operate to extend employment base period for the purpose of qualifying for unemployment insurance benefits]). Accordingly, we hold that the payment of section 207-c benefits does not, in and of itself, create an employment relationship and, thus, the Board did not err in concluding that claimant was totally unemployed at the time that he applied for unemployment insurance benefits (*see Matter of Lynch v South Nyack/Grand View Police Dept., supra* at 66; *Matter of Rain [Commis-*

*sioner of Labor], supra* at 919; *see also Matter of Noss [Lawrence Aviation Indus.—Roberts],* 133 AD2d 510, 510 [1987], *lv denied* 71 NY2d 802 [1988]; *Matter of Giandomenico [Meadow Gold Prods. Corp.—Ross],* 77 AD2d 294, 295 [1980]; *cf. Matter of Jowers [Sweeney],* 239 AD2d 638, 638 [1997]).

Finally, we are unpersuaded by the City's argument that claimant's separation from employment was either voluntary or a provoked discharge. To the contrary, the record establishes that claimant's relocation occurred after the City terminated his employment and there is no evidence in the record before us of any alternative disqualifying circumstances leading up to his termination (*see* Labor Law § 593).

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.