■ John Musgrove, Appellant, v American Protection Insurance Company, Appellant, and Incorporated Village of Lake Success, Respondent. [823 NYS2d 165]—

In an action for a declaratory judgment, (a) the plaintiff appeals from so much of (1) an order of the Supreme Court, Nassau County (Parga, J.), entered March 23, 2005, as denied that branch of his motion which was for summary judgment declaring that he is not obligated to reimburse the defendant Incorporated Village of Lake Success for the money paid to him pursuant to General Municipal Law § 207-c, and granted the cross motion of the defendant Incorporated Village of Lake Success for summary judgment, in effect, declaring that the plaintiff is obligated to reimburse it for the money paid to him pursuant to General Municipal Law § 207-c, and (2) an order of the same court dated July 22, 2005, as denied his motion, in effect, for leave to reargue that branch of his prior motion which was for summary judgment declaring that the plaintiff is not obligated to reimburse it for the money paid to the plaintiff pursuant to General Municipal Law § 207-c and the prior cross motion, and (b) the defendant American Protection Insurance Company separately appeals from so much of (1) the order entered March 23, 2005, as denied that branch of its motion which was for summary judgment declaring that the defendant Incorporated Village of Lake Success is not entitled to a lien in the amount it paid the plaintiff pursuant to General Municipal Law § 207-c against any underinsured motorist arbitration award that is made to the plaintiff, and granted the cross motion of the Incorporated Village of Lake Success for summary judgment declaring that the defendant Incorporated Village of Lake Success is entitled to a lien against any award the plaintiff obtains in his arbitration for underinsured motorist benefits in the amount paid to him pursuant to General Municipal Law § 207-c, and (2) the order dated July 22, 2005, as denied its motion which was denominated as one for leave to renew and reargue, but which was, in actuality, for leave to reargue that branch of

its prior motion which was for summary judgment declaring that the plaintiff is not obligated to reimburse it for the money paid to the plaintiff pursuant to General Municipal Law § 207-c and the prior cross motion of the defendant Incorporated Village of Lake Success.

Ordered that the appeals from the order dated July 22, 2005 are dismissed, as no appeal lies from an order denying reargument (see Fischer v RWSP Realty, LLC, 19 AD3d 540 [2005]; Matter of Lloida W., 18 AD3d 665, 666 [2005]); and it is further,

Ordered that the order entered March 23, 2005 is reversed insofar as appealed from, on the law, the cross motion is denied, that branch of the plaintiff's motion which was for summary judgment declaring that he is not obligated to reimburse the defendant Incorporated Village of Lake Success for the money paid to him pursuant to General Municipal Law § 207-c is granted, that branch of the motion of the defendant American Protection Insurance Company which was for summary judgment declaring that the defendant Incorporated Village of Lake Success is not entitled to a lien in the amount it paid the plaintiff pursuant to General Municipal Law § 207-c against any underinsured motorist arbitration award that is made to the plaintiff is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant Incorporated Village of Lake Success is not entitled to a lien in the amount it paid the plaintiff pursuant to General Municipal Law § 207-c against any underinsured motorist arbitration award that is made to the plaintiff, and that the plaintiff is not obligated to reimburse the defendant Incorporated Village of Lake Success for the money paid to him pursuant to General Municipal Law § 207-c; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff, a police officer employed by the defendant Incorporated Village of Lake Success (hereinafter the Village), was injured in the line of duty when an underinsured motorist collided with his police vehicle. Pursuant to General Municipal Law § 207-c, the Village paid the plaintiff's salary and medical expenses during the period of his disability. The plaintiff received a settlement from the underinsured motorist's liability insurer, and thereafter filed a claim for underinsured motorist benefits (hereinafter the UIM claim) with the defendant American Protection Insurance Company (hereinafter API), the insurer of the police vehicle. When the UIM claim was set down for arbitration, the Village sought to assert a lien against any arbitration award the plaintiff might recover from API, in the amount that the Village had paid to the plaintiff pursuant to

General Municipal Law § 207-c. The Supreme Court determined that the Village had a lien against any such award. We reverse.

General Municipal Law § 207-c (1) provides, inter alia, that a village must pay an officer on its police force who is injured in the line of duty the "full amount of his regular salary or wages . . . until his disability arising therefrom has ceased," in addition to covering the costs of "all medical treatment and hospital care necessitated by reason of such injury." The Village predicates its entitlement to the lien it seeks on General Municipal Law § 207-c (6), which provides that "a cause of action shall accrue to the municipality for reimbursement in such sum or sums actually paid as salary or wages and or for medical treatment and hospital care as against any third party against whom the policeman shall have a cause of action for the injury sustained or sickness caused by such third party." Contrary to the Village's position, that provision does not provide a basis for the lien it asserts here.

A municipality's right, pursuant to General Municipal Law § 207-c (6), to the reimbursement of the salary and medical expenses it had previously paid to or on behalf of an officer injured in the line of duty, is subject to the limitations articulated in the no-fault provisions of Insurance Law § 5104 (see *Village of Suffern v Baels*, 215 AD2d 751 [1995]). Insurance Law § 5104 (a) limits the items of damage that may be recovered in an action commenced by a person injured in a motor vehicle accident against another motor vehicle operator or owner, here the uninsured motorist, to noneconomic loss, i.e., pain and suffering (see Insurance Law § 5102 [c]), plus only that economic loss which exceeds basic economic loss, defined by statute as $50,000 for medical and hospital expenses, lost wages, and incidental expenses, with certain exceptions not applicable here (see Insurance Law § 5102 [a]; *see generally Matter of Adams [Government Empls. Ins. Co.]*, 52 AD2d 118, 120 [1976]). The plaintiff's UIM claim, by definition, could only seek recovery only for noneconomic loss and economic loss greater than basic economic loss (*see Matter of Shutter v Philips Display Components Co.*, 90 NY2d 703, 710 [1997]). Thus, there can be no Insurance Law § 5104 (b) lien imposed upon any amount he might recover on account of noneconomic loss in the arbitration which will determine that claim (*see Matter of Adams [Government Empls. Ins. Co.], supra*). Where no Insurance Law § 5104 (b) lien attaches, there can be no recovery under General Municipal Law § 207-c (6) (*see Village of Suffern v Baels, supra*).

"[A]n insured who has sustained personal injury should not be required to pay for his no-fault benefits out of his recovery

for pain and suffering" (*Aetna Cas. & Sur. Co. v Jackowe*, 96 AD2d 37, 42; *see Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169, 176 [1986]; *Lang v City of New York*, 98 AD2d 792, 793 [1983]; *see also Dymond v Dunn*, 148 AD2d 56, 59 [1989]; *Matter of Celona v Royal Globe Ins. Co.*, 85 AD2d 635, 636 [1981]; *Matter of Adams [Government Empls. Ins. Co.]*, *supra* at 119). As it pertains to the plaintiff's arbitration claim for noneconomic loss, the situation presented here is no different.

Moreover, the statutory lien sought to be asserted by a third party on a recovery obtained by a person injured in a motor vehicle accident, on account of the sums paid by the third party to compensate the injured person for lost wages and medical expenses (*see* Insurance Law § 5104 [b]), extends only to so much of the recovery as also compensated the injured person for lost wages and medical expenses (*see Aetna Cas. & Sur. Co. v Jackowe*, 96 AD2d 37, 42 [1983]). Here, it is unclear whether the plaintiff, by pursuing arbitration with API, seeks to recover economic loss greater than basic economic loss, and thus, whether part of his claim is for lost wages and medical expenses greater than $50,000. In any event, while the Village has, in fact, compensated the plaintiff for lost wages and medical expenses in excess of basic economic loss, and thus asserts that the plaintiff, if successful, would unfairly recover the identical sum in arbitration, the lien created by Insurance Law § 5104 (b), by its terms, applies only to a recovery obtained by an injured person "in any action." The recovery sought by the plaintiff from API is not pursuant to an action. The plaintiff, by seeking arbitration pursuant to the SUM endorsement contained in the policy issued by API, is not commencing an "action . . . against a non-covered person," as required by Insurance Law § 5104 (b), but is instead seeking to enforce a contractual right he has pursuant to statute against API. Hence, the limitations on the assertion of a lien, imposed by Insurance Law § 5104, as applied to General Municipal Law § 207-c (6), preclude the result sought by the Village here.

Finally, General Municipal Law § 207-c (6) permits a municipality to seek reimbursement of wages and medical expenses only from "any third party against whom the policeman shall have a cause of action for the injury sustained . . . caused by such third party." The plaintiff, from whom the Village seeks reimbursement, and API, upon whose obligation the Village seeks to impose a lien, are not parties who caused the injury. Hence, the cause of action created by General Municipal Law § 207-c (6) is not available to the Village insofar as it seeks to assert it against either the plaintiff or API. Furthermore, Gen-

eral Municipal Law § 207-c, "includes no . . . provision for an equitable lien. It 'merely gives the [municipality] a direct remedy against the person liable to the employee in negligence' " (*Foy v Florczuk*, 51 AD2d 534, 535 [1976] quoting *City of Buffalo v Maggio*, 21 NY2d 1017, 1018 [1968]).

Contrary to the Village's contention, *Matter of City of Newburgh v Travis* (228 AD2d 497 [1996]) does not require a contrary result. In that case, the self-insured City of Newburgh, which was required to arbitrate an employee's underinsured motorist claim, was entitled, pursuant to a specific provision of the subject insurance policy, to offset the payments it already made against the employee's arbitration award (*see Matter of City of Newburgh v Travis, supra* at 498-499). Unlike the City of Newburgh, the Village is not self-insured, and it has nothing to offset, as any arbitration award will be paid by the insurer, API. Nor does the API insurance policy contain a specific offset provision. The "non-duplication" provision in the API policy relied upon by the Village does not similarly create a right of offset (*see generally Reilly v United States Fid. & Guar. Co.*, 139 AD2d 796, 797 [1988]).

For all of these reasons, the Village is not entitled to assert a lien pursuant to General Municipal Law § 207-c (6), and the Supreme Court therefore improperly granted the Village's cross-motion. Rather, it should have granted the relevant branch of the plaintiff's motion for summary judgment and the relevant branch of API's motion for summary judgment.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the Village is not entitled to a lien, in the amount of salary and medical expenses it paid to the plaintiff pursuant to General Municipal Law § 207-c, against any award the plaintiff receives in his underinsured motorist arbitration, and that the plaintiff is not obligated to reimburse the Village for the money it paid pursuant to General Municipal Law § 207-c (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Miller, J.P., Goldstein, Spolzino and Dillon, JJ., concur.