■ MITCHEL D. RAMOS, Respondent, v ALICIA COURT ENTERPRISES, INC., et al., Defendants. COUNTY OF WESTCHESTER, Nonparty Appellant. [872 NYS2d 163]—

In an action to recover damages for personal injuries, nonparty County of Westchester appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered September 11, 2007, as granted those branches of the plaintiff's motion which were to vacate its "assertion of a lien" on certain settlement proceeds, and its suspension of the plaintiff's benefits.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly vacated the nonparty County of Westchester's "assertion of a lien" on the proceeds of a settlement of this personal injury action between the plaintiff and the defendants. Contrary to the County's contention, its exclusive remedy to recover moneys paid to the plaintiff pursuant to General Municipal Law § 207-c was a direct action against the tortfeasor, and not a lien on the plaintiff's recovery (*see City of Buffalo v Maggio*, 21 NY2d 1017 [1968]; *Musgrove v American Protection Ins. Co.*, 32 AD3d 916 [2006]; *Foy v Florczuk*, 51 AD2d 534 [1976]). The Supreme Court also properly vacated the County's suspension of the plaintiff's benefits without affording him a hearing because the right of a disabled officer to receive disability payments pursuant to General Municipal Law § 207-c constitutes "a property interest giving rise to procedural due process protection, under the Fourteenth Amendment, before those payments are terminated" (*Matter of Park v Kapica*, 8 NY3d 302, 310 [2007]).

Motion by the respondent on an appeal from an order of the Supreme Court, Westchester County, entered September 11, 2007, inter alia, to strike the record on appeal and the nonparty appellant's brief. By decision and order on motion of this Court dated June 16, 2008 [2008 NY Slip Op 74996(U)], that branch of the motion which is to strike the record on appeal and the nonparty appellant's brief was held in abeyance and referred to the panel of Justices hearing the appeal for a determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to strike the

record on appeal and the nonparty appellant's brief is denied. Skelos, J.P., Santucci, McCarthy and Dickerson, JJ., concur.