■ HARRY LEWIS, Suing Derivatively for the Benefit and in the Right of GENERAL ELECTRIC Co., Respondent-Appellant, v JOHN F. WELCH, JR., et al., Appellants-Respondents.—In a shareholder's derivative action, the defendants appeal (1) from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated October 24, 1985, as denied their motion to dismiss the complaint for failure to state a cause of action, and (2) from so much of an order of the same court, dated January 27, 1986, as, upon reargument, adhered to its original determination; and the plaintiff cross-appeals from so much of the order dated October 24, 1985, as denied his cross motion for summary judgment on the issue of liability.

Ordered that the cross appeal is dismissed, for failure to perfect the same in accordance with the rules of this court (see, 22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the appeal from the order dated October 24, 1985, is dismissed, as that order was superseded by the order

dated January 27, 1986, made upon reargument; and it is further,

Ordered that the order dated January 27, 1986, is reversed insofar as appealed from, on the law, so much of the order dated October 24, 1985, as denied the defendants' motion to dismiss the complaint is vacated, the defendants' motion for summary judgment is granted, and the complaint is dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

On March 26, 1985, the General Electric Company (hereinafter GE) was indicted pursuant to 18 USC § 2 by a Federal Grand Jury in the United States District Court for the Eastern District of Pennsylvania for submitting false claims (four counts) during a period between January 1980 and April 1983 in violation of 18 USC § 287, and for submitting false statements (104 counts) in violation of 18 USC § 1001. Various employees were named in the indictment by virtue of alterations on their time cards which shifted hours of work performed on nonreimbursable Government defense contracts to reimbursable ones. Additionally, two employees, who were the managers of separate groups of engineers, were individually charged with making false declarations before the Grand Jury.

On April 3, 1985, the plaintiff commenced a shareholder's derivative action, naming as parties defendant, *inter alia,* the individuals who were directors and/or officers of GE during the time the fraud was perpetrated upon the Government. The complaint alleged, *inter alia,* that "the individual defendants caused or are chargeable with causing the Company to defraud the government by making wrongful charges with respect to the work it performed" and that "[a]s a result of the defendants' mischarges, the Company was indicted on charges that it falsified claims for its services and misstated its work performed".

The plaintiff commenced the action without first making a demand upon GE's board of directors to initiate an action in favor of the corporation against those responsible or to otherwise remedy the acts complained of. In this regard, the complaint alleges that a "demand" upon the directors to sue the defendants responsible for the misconducts above alleged would be tantamount to asking them to sue themselves for the fraudulent conduct here involved and would in any event be futile in that they would have irreconcilable conflicts of interest and would be unable to prosecute this suit in the best interests of the Company".

The defendants moved to dismiss the complaint for failure to state a cause of action, *inter alia,* by virtue of the plaintiff's noncompliance with Business Corporation Law § 626, which governs shareholder derivative actions, and which provides, in pertinent part, that "[i]n any such action, the complaint shall set forth with particularity the efforts of the plaintiff to secure the initiation of such actions by the board or the reasons for not making such effort" (Business Corporation Law § 626 [c]). The court denied the defendants' motion. We now reverse.

Pursuant to 18 USC § 2, under which GE was indicted, a corporation may be charged with the criminal acts of its employees *(see, United States v Demauro,* 581 F2d 50, 53). However, the employees' criminal culpability which may be imputed to the corporation by the statute cannot be further imputed to its individual directors, whose culpability requires their "knowledge or privity" in the prohibited act *(see, People v Brainard,* 192 App Div 816, 819; Penal Law § 20.25). The plaintiff's allegation that "the individual defendants caused or are chargeable with causing the Company to defraud the government", etc., is unsupported by facts alleged in the complaint or even by allegations in the indictment referred to in the complaint which does not mention the name of any director of GE. This allegation, upon which the plaintiff's derivative action rests, is conclusory and legally ineffective *(cf. Kalmanash v Smith,* 291 NY 142, 155).

In justifying the failure to give directors notice prior to the institution of a derivative action, it is not sufficient merely to name a majority of the directors as parties defendant with conclusory allegations of wrongdoing *(see, Barr v Wackman,* 36 NY2d 371, 379). The complaint herein spells out no details from which it may be inferred that the making of a demand would indeed be futile. It was not reasonable for the plaintiff to conclude that the 17-member GE board of directors, 14 of whom are independent "outside" directors, would not be responsive to a demand *(cf. Barr v Wackman, supra,* at p 377). Rubin, J. P., Lawrence, Kooper and Spatt, JJ., concur.