■ Domenica V. Curreri, Respondent, v Vito R. Verni et al., Appellants, et al., Defendant.—In a shareholder's derivative action, the defendants Vito R. Verni and Rita Coppolecchia appeal from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered December 9, 1988, as denied their motion to dismiss the amended complaint insofar as it is asserted against them and granted the plaintiff's cross motion for leave to serve a second amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants challenge, inter alia, the denial of their motion to dismiss the plaintiff's amended complaint insofar as it is asserted against them. They claim that the pleadings do not comply with Business Corporation Law § 626 (c) in that they fail to set forth, with sufficient particularity, "the efforts

of the plaintiff to secure the initiation of [the] action by the board [of directors] or the reasons for not making such effort."

In *Barr v Wackman* (36 NY2d 371, 378, 379), the Court of Appeals reaffirmed the principle that the requirement of a demand upon the board of directors pursuant to Business Corporation Law § 626 (c), will be excused where such demand would be futile or where "the alleged wrongdoers control or comprise a majority of the directors. (See, e.g., *Ripley v International Rys. of Cent. Amer.,* 8 AD2d 310, affd 8 NY2d 430; *Steinberg v Altschuler,* 158 NYS2d 411.)" Although a pleading is deemed insufficient if it merely names a majority of the directors as parties defendants and contains conclusory allegations of wrongdoing *(see, Barr v Wackman, supra; Lewis v Welch,* 126 AD2d 519, 521), here the amended pleadings allege that the appellants were in exclusive control of the corporation and that they were involved in a series of specific transactions which were detrimental to the corporation. The amended pleadings therefore set forth sufficient details from which it may be inferred that the making of a demand would indeed be futile. Additionally, we note that there are triable issues of fact as to the composition of the board of directors which can only be resolved at trial.

We further find that the Supreme Court did not improvidently exercise its discretion by granting the plaintiff's cross motion for leave to serve a second amended complaint *(see,* CPLR 3025 [b]; *Fahey v County of Ontario,* 44 NY2d 934).

We have examined the appellants' remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.