■ SYLVIA A. MARX, Appellant, v JOHN F. AKERS et al., Respondents. [626 NYS2d 276] —In a shareholder's derivative action brought by the plaintiff on behalf of a New York corporation, alleging, *inter alia,* breaches of a fiduciary duty and corporate waste by the company's board of directors, the plaintiff appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered March 15, 1994, which dismissed her amended complaint on the ground that she failed to make a demand upon the board pursuant to Business Corporation Law § 626 (c).

Ordered that the order is affirmed, with costs.

Before a shareholder may bring an action on behalf of a New York corporation, he or she must first make a demand upon the corporation's board of directors to initiate such an action *(see,* Business Corporation Law § 626 [c]). In the event of the shareholder's failure to do so, the complaint must "set forth with particularity the * * * reasons for not making such effort" (Business Corporation Law § 626 [c]).

No demand is necessary if "the complaint alleges acts for which a majority of the directors may be liable and plaintiff reasonably concluded that the board would not be responsive to a demand" i.e., if a demand would be futile *(Barr v Wackman,* 36 NY2d 371, 377, 378). However, in justifying the failure to give directors notice prior to the institution of a derivative action, it is not sufficient merely to name a majority of the directors as defendants with conclusory allegations of wrongdoing *(see, Curreri v Verni,* 156 AD2d 420; *Lewis v Welch,* 126 AD2d 519, 520; *Barr v Wackman, supra,* at 377).

The complaint here spells out no details from which it may be inferred that the making of a demand would indeed have been futile. The plaintiff objects to the compensation of directors and executives set by the board of directors, claiming that it was excessive in light of the declining profits of the International Business Machine Corporation (hereinafter IBM). Busi-

ness Corporation Law § 202 (a) (10) expressly authorizes boards of directors to determine such compensation. To excuse the demand requirement as futile because the plaintiff objected to the compensation set by the directors would render Business Corporation Law § 626 (c) meaningless in any shareholders' derivative action in which all members of a corporate board are named as defendants (cf., Barr v Wackman, supra, at 377). The plaintiff also objected to certain accounting practices of IBM. The complaint fails to establish that these accounting practices are improper, or that the directors had or should have had knowledge of or that they participated in these alleged improper accounting practices. Hence, the complaint fails to set forth with particularity why a demand would be excused as futile (see, Lewis v Welch, supra, at 521). Sullivan, J. P., O'Brien, Thompson and Hart, JJ., concur.