■ BERND BILDSTEIN, Appellant, v H. BREWSTER ATWATER, JR., et al., Respondents, and GENERAL ELECTRIC COMPANY, Re-

spondent. [635 NYS2d 88] —In a shareholder's derivative action alleging, *inter alia*, breach of fiduciary duties, the plaintiff appeals from an order of the Supreme Court, Queens County (Dye, J.), dated September 30, 1994, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The complaint alleges that the board of directors of General Electric Company (hereinafter GE) breached their fiduciary duties. A claim of this kind is brought under Business Corporation Law § 720, which is expressly subject to any provisions in the corporation's certificate of incorporation which are adopted by the authority of Business Corporation Law § 402 (b). Section 6 of GE's certificate of incorporation contains a provision adopted pursuant to Business Corporation Law § 402 (b) which shields GE's board of directors from personal liability, subject to certain exceptions, for negligent acts or omissions which occurred in their capacity as directors. Accordingly, the Supreme Court properly found that the plaintiff's claim was barred by section 6 of GE's certificate of incorporation. Furthermore, the complaint contains conclusory allegations that do not support the contention that the alleged conduct of GE's directors rose to the level of intentional misconduct, bad faith, or a knowing violation of the law (*see, Suffolk County Democratic Comm. v Gaffney*, 196 AD2d 799; *Elsky v KM Ins. Brokers*, 139 AD2d 691).

Additionally, the plaintiff failed to make a pre-litigation demand upon GE's board of directors pursuant to Business Corporation Law § 626 (c). While such a demand is excused where it would be futile, the plaintiff here merely named a majority of the directors as defendants and asserted conclusory allegations of wrongdoing in the complaint (*see, Barr v Wackman*, 36 NY2d 371; *Marx v Akers*, 215 AD2d 540; *Curreri v Verni*, 156 AD2d 420; *Lewis v Welch*, 126 AD2d 519).

The court did not improvidently exercise its discretion in failing to grant the plaintiff's request to replead (*see, Ott v Automatic Connector*, 193 AD2d 657).

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.