■ In the Matter of the Liquidation of Transit Casualty Company. Superintendent of Insurance of the State of New York, as Ancillary Receiver, Respondent, v Alan Digirol, Appellant. [636 NYS2d 791] —Order, Supreme Court, New York County (Martin Evans, J.), entered July 26, 1994, which denied claimant's motion, granted the cross motion of the New York State Superintendent of Insurance, as Ancillary Receiver of Transit Casualty Company, disaffirmed the Referee's report and upheld the Superintendent's determination disallowing payment of post-liquidation interest, unanimously affirmed, without costs.

Claimant failed to articulate his present claim that the Superintendent's determination constituted an unconstitutional taking of property, and the issue is therefore improperly raised on appeal (see, Melahn v Hearn, 60 NY2d 944, 945). Were we to reach the argument, we would find claimant's contention to be without merit. There is no constitutional right to interest payments. That right is purely statutory and in derogation of the common law (see, In re Brooklyn Navy Yard Asbestos Litig., 971 F2d 831, 851). Insurance Law § 7434 (b) expressly prohibits the payment of interest to a creditor due to delay in receiving payment of the principal claim, unless the liquidated company has sufficient assets to pay all creditors. Furthermore, the legislative history indicates that the precursor to Insurance Law § 7434 (b), which had substantially the same language, was enacted specifically to overrule Matter of Consolidated Indem. & Ins. Co. (256 App Div 604, affd 281 NY 680), which allowed a creditor to recover interest on his claim where, as here, the Superintendent had unsuccessfully litigated the claim. Concur—Rosenberger, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ.