■ TEACHERS' RETIREMENT SYSTEM OF LOUISIANA et al., Appellants, v JOHN F. WELCH, JR., et al., Respondents, et al., Defendant. (Action No. 1.) TEACHERS' RETIREMENT SYSTEM OF LOUISIANA, Derivatively on Behalf of CHEMICAL BANKING CORP., and Double Derivatively on Behalf of CHEMICAL BANK, Appellant, v CHEMICAL BANKING CORP. et al., Respondents. (Action No. 2.) [664 NYS2d 38] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered May 6, 1996, which dismissed the complaint in Action No. 1, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about April 22, 1996, unanimously dismissed as subsumed within the appeal from the judgment. Judgment, Supreme Court, New York County (Emily Goodman, J.), entered November 21, 1996, which dismissed the second amended complaint in Action No. 2, unanimously affirmed, with costs. Appeal from orders, same court and Justice, entered on or about November 6, 1996, unanimously dismissed as subsumed within the appeal from the judgment.

Action No. 1 is a derivative action seeking to impose personal liability upon 15 present and past General Electric Company (GE) directors and three other individuals based upon alleged "phantom trading" by defendant Jett, an employee of a third-tier subsidiary of GE. Section 6 of GE's certificate of incorporation, adopted pursuant to Business Corporation Law § 402 (b), shields GE's directors for negligent acts or omissions occurring in their capacity as directors, with certain exceptions (intentional misconduct, bad faith, knowing violation of law) that are

inapplicable under the conclusory allegations of the complaint (*see, Bildstein v Atwater*, 222 AD2d 545; *Chill v General Elec. Co.*, 101 F3d 263, 270-271). Plaintiff Teachers' Retirement System of Louisiana (TRS) argues that the facts are within the exclusive knowledge of the director defendants, and therefore examination of those defendants should have been allowed. However, discovery is not permitted in shareholder derivative suits unless plaintiff has presented factual allegations of evidentiary value to establish charges of improper conduct (*Stepak v Alexander's, Inc.*, 58 AD2d 520, *clarified* 58 AD2d 754).

TRS raises a constitutional challenge to Business Corporation Law § 402 (b), which was not raised in prior proceedings, and thus is improperly raised on appeal (*Superintendent of Ins. of State of N. Y. v Digirol*, 223 AD2d 488; *Poley v Sony Music Entertainment*, 222 AD2d 308). TRS also claims that the statute is against the public policy of this State, but "[t]he public policy of the State is what the Legislature says it is, where the Legislature has spoken" (*Matter of Steinberg v Steinberg*, 18 NY2d 492, 497).

The complaint was also properly dismissed because TRS failed to make the pre-litigation demand upon GE's board of directors required by Business Corporation Law § 626 (c) or to plead particularized facts excusing such demand (*Bildstein v Atwater, supra*; *Marx v Akers*, 88 NY2d 189, 200-201).

We also affirm the judgment dismissing the derivative complaint against the board of directors of Chemical Banking Corp. (CBC) for failure to make a pre-litigation demand. That complaint alleges that CBC's directors failed to properly supervise Victor Gomez, who entered into a series of unauthorized currency transactions on behalf of his employer, Chemical Bank, which was a wholly owned subsidiary of CBC. Because CBC is a Delaware corporation, the threshold demand issue is governed by Delaware law (*Hart v General Motors Corp.*, 129 AD2d 179, 182, *lv denied* 70 NY2d 608; *Katz v Emmett*, 226 AD2d 588; *see also, Kamen v Kemper Fin. Servs.*, 500 US 90, 108-109). The Delaware rule is that the "demand can only be excused where facts are alleged with particularity which create a reasonable doubt that the directors' action was entitled to the protections of the business judgment rule" (*Aronson v Lewis*, 473 A2d 805, 808 [Del]). The essence of the complaint against the CBC directors is that they failed to inform themselves about the unauthorized and concealed transactions of an employee of the corporation's subsidiary. It is precisely in such facially meritless cases that directors' actions are particularly entitled to the protections of the business judgment rule.

We have considered TRS's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Mazzarelli, JJ.