■ PDK Labs, Inc., Plaintiff, v Perry Krape, Appellant-Respondent, and Michael Krasnoff et al., Respondents-Appellants. [716 NYS2d 324] —In an action, *inter alia*, to recover damages for breach of contract, (a) the counterclaim plaintiff, Perry D. Krape, individually and on behalf of the shareholders of PDK Labs, Inc., appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated March 30, 1998, as granted those branches of the motion of the counterclaim defendants Michael Krasnoff and Ira Helman, and the separate motion of the counterclaim defendant PDK Labs, Inc., which were to dismiss the first and second counterclaims and the first through fourth shareholders' derivative claims, and (b) the counterclaim defendants Michael Krasnoff and Ira Helman, and the counterclaim defendant PDK Labs, Inc., cross-appeal from so much of the same order as denied those branches of their respective motions which were to dismiss the third counterclaim alleging breach of fiduciary duty.

Ordered that the cross appeal by the counterclaim defendant PDK Labs, Inc., is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from and cross-appealed from by the counterclaim defendants Michael Krasnoff and Ira Helman, without costs or disbursements.

Business Corporation Law § 626 (c) provides that the plaintiff in a shareholders' derivative action "shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board [of directors] or the reason for not making such effort." The question of whether the demand requirement of Business Corporation Law § 626 (c) has been met is a matter within the discretion of the court (*see, Barr v Wackman,* 36 NY2d 371; *Lewis v Akers,* 227 AD2d 595). The Supreme Court providently exercised its discretion in concluding that the derivative counterclaims fail to set forth with any particularity that a demand would be futile (*see, Marx v Akers,* 88 NY2d 189; *Lewis v Akers,* 227 AD2d 595; *Bildstein v Atwater,* 222 AD2d 545). Accordingly, the derivative counterclaims were properly dismissed.

The third counterclaim alleging breach of fiduciary duties by the individual counterclaim defendants in their capacities as directors and/or officers of PDK Labs, Inc., was properly

sustained, as it contained sufficient factual allegations to meet the specificity requirement of CPLR 3016 (b). Moreover, contrary to the counterclaim defendants' contentions, a shareholder may assert individual claims for breach of fiduciary duty (*see, Matter of Buckley [Wild Oaks Park]*, 44 NY2d 560; *Schwartz v Marien,* 37 NY2d 487; *Aronson v Crane,* 145 AD2d 455; *Goldberg v Goldberg,* 139 AD2d 695).

The parties' remaining contentions are without merit. Santucci, J. P., Sullivan, Friedmann and Smith, JJ., concur.