Retirement Plan for Gen. Empls. of the City of N. Miami Beach v McGraw (2018 NY Slip Op 01027)





Retirement Plan for Gen. Empls. of the City of N. Miami Beach v McGraw


2018 NY Slip Op 01027


Decided on February 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2018

Renwick, J.P., Andrias, Kapnick, Gesmer, Moulton, JJ.


5684 652695/15

[*1]Retirement Plan for General Employees of the City of North Miami Beach, et al., Plaintiffs-Appellants,
v
Harold McGraw III, et al., Defendants-Respondents, McGraw Hill Financial, Inc., Nominal Defendant-Respondent.


Spector Roseman & Kodroff, P.C., Philadelphia, PA (Daniel J. Mirarchi of the bar of the State of Pennsylvania, admitted pro hac vice, of counsel), for appellants.
Cahill Gordon & Reindel LLP, New York (Brian T. Markley of counsel), for Harold McGraw III, Charles E. Halderman, Jr., Pedro Aspe, Robert P. McGraw, Hilda Ochoa-Brillembourg, Edward B. Rust Jr., Sir Winfried Bischoff, William D. Green, Douglas N. Daft, Linda Koch Lorimer, James H. Ross, Kurt L. Schmoke, Sidney Taurel, Sire Michael Rake, Rebecca Jacoby, Douglas L. Peterson, Richard E. Thornburgh, Deven Sharma, Kathleen Corbet and Vicki Tillman, respondents.
Davis Polk & Wardell LLP, New York (Charles S. Duggan of counsel), for McGraw Hill Financial, Inc., respondent.



Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered December 29, 2016, which granted defendants' motions to dismiss the complaint, unanimously affirmed, with costs.
In this derivative action, plaintiff shareholders of nominal defendant McGraw Hill Financial, Inc. (McGraw Hill) allege breaches of fiduciary duty, mismanagement, and waste of corporate assets by McGraw Hill's board of directors and officers, in connection with McGraw Hill's former subsidiary Standard & Poor's Ratings Services' (S & P) rating of subprime-backed residential mortgage-backed securities (RMBS) and collateralized debt obligations (CDOs).
The motion court correctly dismissed the complaint, as plaintiffs failed to adequately plead, with particularity, that the demand requirement, pursuant to Business Corporation Law § 626(c), was excused (see Bansbach v Zinn, 1 NY3d 1, 8 [2003]).
Plaintiffs' claim that six of the 12 members of the then current board of directors were self-interested is insufficient (see id. at 9). Four of these director defendants are alleged to be interested based solely on ties with companies that received credit ratings from S & P, with no explanation as to how these affiliations compromised their independence in evaluating a demand (see Security Police & Fire Professionals of Am. Retirement Fund v Mack, 93 AD3d 562, 564 [1st Dept 2012]). The mere fact of director defendant Robert McGraw's fraternal relationship with director defendant Harold McGraw III, whom the complaint does not directly implicate in any misconduct, is insufficient to establish control (compare Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 46 AD3d 354, 356 [1st Dept 2007] [futility demonstrated by allegations that chairman of board was the father of a criminal involved in a company project and that he dominated two of the other four members of the board]). The claim of self-interest for the sixth director defendant, based upon a role at S & P which began in 2011, long after the alleged misconduct, is also insufficient.
Plaintiffs' claims that the board of directors failed to fully inform themselves about [*2]S & P's ratings of RMBS and CDOs, that they turned a blind eye to various "red flags," and that their abdication of oversight of S & P's business practices was so egregious that it could not constitute a valid exercise of business judgment, also lack the requisite particularity (see generally Bansbach, 1 NY3d at 9). The board's regular meetings demonstrate that they were fulfilling their fiduciary obligations (see e.g. Fink v Komansky, 2004 WL 2813166, *5, 2004 US Dist LEXIS 24660, *13 [SD NY, Dec. 8, 2004, No. 03-CV-0388(GBD)]). Further, S & P took responsive action to the subpoenas and lawsuits filed, beginning in August 2007, concerning S & P's rating of RMBS and CDOs, by, among other things, downgrading thousands of securities and announcing new measures to strengthen their ratings criteria and improve transparency.
In any event, plaintiffs' claims, to the extent they accrued prior to August 2009, are time-barred (see CPLR 213[7]; Blake v Blake, 225 AD2d 337 [1st Dept 1996]). Additionally, the breach of fiduciary duty claims were not alleged with the requisite particularity (see CPLR 3016[b]; Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co., 84 AD2d 736 [1st Dept 1981]). Moreover, the exculpatory provision of the certificate of incorporation, which does not run afoul of Business Corporation Law § 402(b)(1), shields the director defendants from liability (see Teachers' Retirement Sys. of La. v Welch, 244 AD2d 231, 231-232 [1st Dept 1997]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2018
CLERK