Carey v Carey (2023 NY Slip Op 05183)

Carey v Carey

2023 NY Slip Op 05183

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Kapnick, J.P., Oing, Moulton, Higgitt, JJ. 

Index No. 152192/21 Appeal No. 783 Case No. 2022-01053 

[*1]Morgan Carey, Plaintiff-Appellant,
v
Mariah Carey et al., Defendants-Respondents.

Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for appellant.
Rosenberg, Giger and Perala P.C., New York (John J. Rosenberg of counsel), for Mariah Carey, respondent.
Davis Wright Tremaine LLP, New York (Alison Schary of counsel), for Macmillan Publishing Group, LLC, Michaela Angela Davis and Andy Cohen, respondents.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about February 15, 2022, which, to the extent appealed from, granted the motion of defendants MacMillan Publishing Group LLC doing business as Henry Holt and Company, Michaela Angela Davis and Andy Cohen doing business as Andy Cohen Books (publisher defendants) to dismiss the first amended complaint in its entirety as against them, granted defendant Mariah Carey's motion to dismiss 14 of the 16 causes of action as against her (only the fifth and seventh causes of action remain), and denied plaintiff's discovery motion pursuant to CPLR 3211(g)(3), unanimously affirmed, without costs.
In this case alleging claims for defamation, defamation per se, and injurious falsehood based on nine passages in the memoir "The Meaning of Mariah Carey," plaintiff argues the court failed to read the passages in context, as is required (e.g. Davis v Boeheim, 24 NY3d 262, 270 [2014]; Thomas H. v Paul B., 18 NY3d 580, 584-585 [2012]), but offers no support for his assertion. Beyond asserting that had the court read the statements in context most of his claims would not have been dismissed, he neither identifies the relevant context, that, in his view, the court overlooked, nor explains how or why consideration of such context would have yielded a contrary result in any particular instance. Moreover, his argument is undermined by the court's recognition that "context is key," and its citations to relevant case law, both in its discussion of the general applicable standards and in its specific analyses of the challenged passages. He also overlooks that the court, at times, invoked context in his favor.
Plaintiff shows no reason to revisit the court's determination that his special damages allegations were inadequate, as his briefs do not address any aspect of the court's analysis. Nor do we disturb the dismissal of his claims for injurious falsehood, which he does not substantively address in his briefs to this Court.
Plaintiff's contentions challenging the constitutionality of the anti-SLAPP statute are raised for the first time on appeal, and we decline to address them (see Golan v Daily News, L.P., 214 AD3d 558, 559 [1st Dept 2023]; Kelsey v Lenore R., 211 AD3d 1361 [3d Dept 2022], appeal dismissed 39 NY3d 1091 [2023]; Teachers' Retirement Sys. of La. v Welch, 244 AD2d 231 [1st Dept 1997]; Roberts v Gross, 100 AD2d 540 [2d Dept 1984]).
The court's denial of his CPLR 3211(g)(3) discovery motion was a provident exercise of its discretion (e.g. Matter of 425 Park Ave. Co v Finance Adm'r of City of N.Y., 69 NY2d 645, 648 [1986]). Plaintiff cites no authority — construing CPLR 3211(g)(3) or otherwise — to support his assertions that he was, by definition, entitled to discovery because the court found certain of the statements potentially defamatory, or because of the "enormous burden" the anti-SLAPP amendments place on defamation plaintiffs. CPLR 3211(g)(3) allows for discovery in connection with [*2]a motion to dismiss only if, "for specified reasons," the nonmovant states, under oath, that "it cannot present facts essential to justify its opposition," in which case the court "may order that specified discovery be conducted" notwithstanding the general stay of discovery otherwise effected by CPLR 3211(g). His statements that facts relevant to actual malice are, as a general matter, typically in the sole possession of a publisher defendant, fall short (see, e.g. Isaly v Garde, 2022 WL 17475676 *14 n 5, 2022 NY Misc LEXIS 7538 *22 n 5 [Sup Ct New York County, Dec. 6, 2022], affd 216 AD3d 594 [1st Dept 2023] [noting "heightened burden to lift a discovery stay in a SLAPP action pursuant to CPLR 3211 (g) (3)"]).
Plaintiff also shows no reason to revisit the court's determination as to the inadequacy of his actual malice allegations against the publisher defendants. He reverts to the arguments the court rejected, summarily faulting the publisher defendants for inadequate investigation, without offering facts to show that they entertained serious doubts about the statements' veracity, and failing to address the court's point that they had no independent duty to contact him (see, e.g. Suozzi v Parente, 202 AD2d 94, 102 [1st Dept 1994], lv denied 85 NY2d 923 [1995]; Sackler v American Broadcasting Cos., Inc., 71 Misc 3d 693, 700-701 [Sup Ct, New York County 2021]). He contends that Mariah's alleged personal animus towards him is "circumstantial evidence of actual malice," but cites no cases to show this suffices. Indeed, the case he does cite, Zuckerbrot v Lande (75 Misc 3d 269, 297 [Sup Ct, NY County 2022]), held "evidence of ill will combined with other circumstantial evidence that defendant acted with reckless disregard of the truth or falsity of a defamatory statement may support a finding of actual malice" (id. [internal quotation marks omitted]). Nor do we agree, as plaintiff contends, that a motion to dismiss cannot be granted on the ground of actual malice because it is an issue of fact (see e.g. Rivera v Time Warner Inc., 56 AD3d 298 [1st Dept 2008]; Dykstra v St. Martin's Press LLC, 2020 WL 2789913 *9-11, 2020 NY Misc LEXIS 2659 *24-28 [Sup Ct, New York County, May 29, 2020]).
We decline to entertain his contentions as to why the order appealed yields a "logically impossible" result, raised for the first time in his reply brief to this Court (JP Morgan Chase Bank, NA v Luxor Capital, LLC, 101 AD3d 575 [1st Dept 2012]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023