| de Fex v Zadumin |
| :---: |
| 2024 NY Slip Op 34008(U) |
| November 12, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 523860/2019 |
| Judge: Ingrid Joseph |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 83 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse,
at 360 Adams Street, Brooklyn, New York,
on the _12ᵗʰ_ day of _November_ 2024.

P R E S E N T: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

ANTHONY DE FEX,

                               Plaintiff,

                -against-

DMITRY ZADUMIN and 2606 CROPSEY AVE., INC.,

                         Defendants.

-------------------------------------------------------------------X

Index No.: 523860/2019

**DECISION AND ORDER**
(Mot. Seq. Nos. 6-7)

The following e-filed papers read herein:

                                                       NYSCEF Doc. Nos.:

**Motion Seq. No. 6**

| | |
|---|---|
| Notice of Cross-Motion/Affirmation in Support/Exhibits..................... | 89 – 107 |
| Affirmation in Opposition................................................................. | 116 |
| Reply Affirmation/Memorandum of Law............................................ | 117 – 118 |

**Motion Seq. No. 7**

| | |
|---|---|
| Notice of Motion/Affirmation in Support/Exhibits.............................. | 120 – 126 |
| Affirmation in Opposition/Memorandum/Exhibits.............................. | 127 – 141 |
| Reply Affirmation/Memorandum/Exhibits.......................................... | 142 – 145 |

Plaintiff Anthony **De Fex** ("Plaintiff") moves, pursuant to CPLR 3212, for an order granting him partial summary judgment against "Defendant"[1] and directing that Defendants Dmitry Zadumin ("Zadumin") and 2606 Cropsey Ave., Inc. ("2606 Cropsey") (collectively, "Defendants") prepare and deliver certified, audited, financial statements for the years 2007 to the present (Mot. Seq. No. 7). Defendants oppose the motion and cross-move for summary judgment (a) dismissing the causes of action asserted by Plaintiff in his amended complaint; (b)

---

[1] It appears on the face of the papers that Plaintiff is seeking summary judgment only on its breach of contract claim against 2606 Cropsey Ave., Inc.

[* 1]

granting Defendants' counterclaims for monetary and equitable damages and attorney's fees; and (c) striking Plaintiff's affirmative defenses in his answer/reply to the counterclaims.

Plaintiff and Zadumin are shareholders of, and reside in, a cooperative apartment building located at 2606 Crospey Avenue in Brooklyn, New York (the "Co-Op").[2] In his amended complaint, Plaintiff alleges that Zadumin rented parking spaces belonging to the Co-Op and collected the rents for himself. Plaintiff avers that pursuant to paragraph 5 of his proprietary lease[3] dated February 9, 2007, he wrote to the Co-Op in 2019 to request that he be allowed to inspect its books and records. In his petition, Plaintiff asserts that he made this request to inspect to "determine the current financial condition of the Co-op" (NYSCEF Doc No. 1, ¶ 11). Since the Co-Op did not respond or address alleged irregularities in reporting for fiscal years 2016 and 2017, Plaintiff moved by order to show cause to obtain the financial records. Following oral argument, the court issued an order directing Defendants to produce statements prepared by an accountant on or before April 15, 2020 (NYSCEF Doc No. 63). Plaintiff asserts that the records Defendants produced on April 13, 2020, do not comply with the proprietary lease since it was not certified by an independent certified public accountant ("CPA"). With respect to the balance sheet, Plaintiff alleges that there is no mention of liability for the existing property tax balance or include as an asset the land owned by the Co-Op. Accordingly, Plaintiff asserts causes of action for breach of contract and conversion. In their answer, Defendants asserted four counterclaims for: (1) unjust enrichment; (2) breach of fiduciary duty; (3) indemnification and contribution; and (4) breach of contract.

Plaintiff first moved for summary judgment on his breach of contract claim by notice of motion filed on May 13, 2022 (Mot. Seq. No. 5). Defendants filed their cross-motion on November 9, 2022 (Mot. Seq. No. 6). Oral argument on both motions was scheduled for December 21, 2022, at which time counsel for Plaintiff did not appear and his motion was marked off and Defendants' cross-motion was taken on submission. Thereafter, Plaintiff filed

---

[2] Plaintiff was the president and treasurer of the Co-Op board from October 19, 2011 and June 15, 2017 (Pl tr at 35, lines 23-25; at 36, lines 2-5; at 38, lines 6-12). Zadumin has been the board president since June 2017 (Zadumin tr at 9, lines 5-8).

[3] Paragraph 5 provides as follows:

> The Lessor shall keep full and correct books of account at its principal office or at such other place as the Directors may from time to time count determine, and the same shall be open during all reasonable hours to inspection by the Lessee or a representative of the Lessee. The Lessor shall deliver to the Lessee within a reasonable time after the end of each fiscal year an annual report of cooperative financial affairs, including a balance sheet and a statement of income and expenses, certified by an independent certified public accountant.

2

[* 2]

this motion (Mot. Seq. No. 7) on January 4, 2023, seeking the identical relief sought in his prior motion that was marked off. This Court heard oral argument on Plaintiff's second motion and Defendants' cross-motion on May 24, 2023; thus, the following discussion considers only the papers submitted therein.

In support of his motion for partial summary judgment, Plaintiff included an affirmation from his attorney, consisting of eight numbered paragraphs but no legal argument. Plaintiff also submitted an affidavit, which was neither executed nor notarized. Though this "affidavit" referenced a memorandum of law, no such document was included with the second motion by Plaintiff. In addition to the pleadings and copies of court orders, Plaintiff attached as exhibits the deposition transcripts of the parties, a proprietary lease, the Co-Op's by-laws, and maintenance discount agreements. In the "affidavit," Plaintiff argued that the record and evidence reflect that the Co-Op did not comply with the terms of the proprietary lease. Therefore, he was entitled to partial summary judgment granting him the right to certified, audited financial statements from 2007 to the present.

In their opposition, Defendants maintain that Plaintiff's motion should be denied on several grounds. Procedurally, Defendants argue that Plaintiff's motion is a successive motion for summary judgment. Defendants further assert that Plaintiff's affidavit was not submitted in admissible form and therefore, should not be considered by the Court. Defendants also contend that Plaintiff failed to identify (a) which cause of action he was moving on, (b) the elements of law of that cause of action or (c) any legal arguments or case law in support of the motion.

Defendants also make substantive arguments in their opposition. Defendants maintain that Plaintiff lacks standing because the matter is an improper derivative action on behalf of all shareholders, and Plaintiff failed to make a proper demand upon the board or allege in the complaint with particularity that the demand would be futile. Moreover, Defendants argue that the amended complaint improperly intermingles derivative and individual claims. Defendants also claim that Plaintiff's spouse Elena De Fex, a joint tenant, is a necessary and indispensable party and without her, Plaintiff is incapable of taking any action. Defendants further contend that Plaintiff is unable to establish his prima facie entitlement to summary judgment on his breach of contract claim because he has not identified the damages resulting therefrom. Defendants aver that since Plaintiff entered into a proprietary lease with the Co-Op, Zadumin cannot be compelled to take any action and any breach of contract claim against him should be dismissed.

3

In addition, Defendants contend that the Co-Op has conducted its financials in the same way since 2011 and no shareholder or board member has objected until the commencement of this action. Thus, Defendants argue that the proprietary lease should be deemed modified by common practice and acquiescence. To support this position, Defendants argue that Plaintiff did not comply with the terms of the proprietary lease during his tenure as board president and/or treasurer and thus, waived his right under the lease. Since the cause of action for accounting was previously dismissed, Defendants claim that Plaintiff is collaterally estopped from demanding an accounting through his breach of contract claim. Moreover, Defendants assert that they already produced the Co-Op's financial records in compliance with the order dated February 5, 2020. Finally, Defendants claim that Plaintiff is not entitled to attorney's fees because he cannot prevail in its entirety since he failed to move on the second cause of action for conversion.

In their cross-motion, Defendants seek summary judgment dismissing the second cause of action for conversion and granting their counterclaims. With respect to Plaintiff's claim for conversion, Defendants assert that Plaintiff testified that the parking spaces belonged to the Co-Op. Since this is a derivative claim, Defendants argue that this cause of action should be dismissed. Defendants' counterclaims seek (1) unjust enrichment for unpaid maintenance and parking spaces rent; (2) breach of fiduciary duty; (c) indemnification/contribution; and (d) breach of contract. With respect to the unjust enrichment counterclaim, Defendants assert that Plaintiff executed a Maintenance Discount Agreement (the "Agreement"), dated July 15, 2013, which states that he would provide bookkeeping services in exchange for a monthly $100 discount off his maintenance.[4] Defendants contend that Plaintiff executed this Agreement without the authority to do so or the approval of the shareholders. Though Plaintiff received the discounts for almost 48 months, Defendants assert that the Co-Op never received the accounting services outlined in the Agreement. Defendants further assert that Plaintiff directly received payments for the use of parking spaces but did not deposit them into the Co-Op's bank account. Turning to the breach of fiduciary duty counterclaim, Defendants argue that Plaintiff (i) failed to properly disclose his pecuniary interest in the Agreement to the Board and the shareholders; (ii) failed to hire an accountant to create yearly financial statements; and (iii) failed to deposit all monies received for the use of the Co-Op's parking spaces. Defendants further assert that they are

---

[4] In addition, a maintenance discount agreement dated January 15, 2015, provided that Plaintiff would perform janitorial work in exchange for a $400 monthly maintenance discount (NYSCEF Doc No. 104).

[* 4]

entitled to indemnification should Plaintiff recover against the Defendants by reason of his individual, tortious conduct. In addition, Defendants allege that Plaintiff breached the Agreement and the proprietary lease. According to Defendants, Plaintiff's failure to hire an independent CPA pursuant to the terms of the Agreement caused the Co-Op to breach the proprietary lease with its shareholders.[5]

The Court will first address Plaintiff's motion. Contrary to Defendants' contention, Plaintiff's motion is not a successive motion. It is undisputed that Plaintiff's initial motion was marked off because his counsel failed to appear. Rather than moving to restore the motion to the calendar, Plaintiff chose to re-file his motion. The refiling of the present motion is permissible (*see Lewis v NY City Tr. Auth.*, 100 AD2d 896 [2d Dept 1984] ["[T]he failure of plaintiffs' counsel to appear in support of the initial motion . . ., which resulted in its being marked off the calendar . . . , did not bar a second motion"]).

Defendants are correct, however, that an affidavit that is neither signed nor notarized is insufficient to support a motion. Though generally an affirmation of an attorney without personal knowledge is without evidentiary value, Plaintiff's counsel's affirmation contains averments that are readily supported by the pleadings and are not in dispute (e.g., "Defendants are the operator of the Co-operative apartment and its President" and "Plaintiff commenced this action, on October 31, 2019, by order to show cause, seeking a Temporary Restraining Order"). In addition, whether or not the attorney has personal knowledge, his or her affirmation may "serve as the vehicle for the submission of acceptable attachments which do provide 'evidentiary proof in admissible form', e.g., documents, transcripts" (*Zuckerman v New York*, 49 NY2d 557, 563 [1980]). Here, Plaintiff's counsel's affirmation refers to the following attachments: Amended Complaint, Defendants' Amended Answer, and the deposition transcript of defendant Dmitry Zadumin (NYSCEF Doc No. 121). While documents may be properly admitted, the lack of an affidavit of a party with personal knowledge of the underlying facts of this case warrants denial of Plaintiff's summary judgment motion (*Mastro v Mastro*, 112 AD2d 203, 203 [2d Dept 1985], citing CPLR 3212 [b]; *Harding v Buchele*, 59 AD2d 754, 754 [2d Dept 1977]).

The Court now addresses Defendants' cross-motion seeking summary judgment dismissing Plaintiff's cause of action and granting its counterclaims.

---

[5] In his papers, the Court notes that Plaintiff does not proffer any facts or legal arguments in relation to Defendants' counterclaims.

[* 5]

As an initial matter, the Court addresses whether Plaintiff has set forth derivative or individual claims. An independent or direct claim survives "when the wrongdoer has breached a duty owed to the shareholder independent of any duty owing to the corporation wronged" (*Abrams v Donati*, 66 NY2d 951, 953 [1985]). "[A]n owner of an individual condominium unit is without standing to assert a claim for damages to the common interest of a condominium" (*Di Fabio v Omnipoint Communications, Inc.*, 66 AD3d 635, 637 [2d Dept 2009]). The same is true for shareholders in a cooperative building (*see Nicotra*, 2020 NY Slip Op 31934[U], **20-21). "A derivative action proceeds not on the basis of any individual right, but as an assertion of the interest of the entity by one or more of its owners or members when the management of the entity fails to act to protect that interest" (*Caprer v Nussbaum*, 36 AD3d 176, 186 [2d Dept 2006]). The "plaintiff in a shareholders' derivative action 'shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board [of directors] or the reason for not making such effort'" (*PDK Labs, Inc. v Krape*, 277 AD2d 212, 212 [2d Dept 2000], quoting Business Corporation Law § 626 [c]). Thus, in a derivative action, the plaintiff is required to either make a demand or assert that a demand would be futile because "(1) a majority of the directors are interested in the transaction, or (2) the directors failed to inform themselves to a degree reasonably necessary about the transaction, or (3) the directors failed to exercise their business judgment in approving the transaction" (*Marx v Akers*, 88 NY2d 189, 198 [1996]). "A complaint the allegations of which confuse a shareholder's derivative and individual rights will . . . be dismissed" (*Abrams*, 66 NY2d at 953).

With respect to Plaintiff's breach of contract cause of action, the Court finds that Plaintiff is asserting an individual claim. In *Valyrakis v 346 W. 48th St. Hous. Dev. Fund Corp.* (161 AD3d 404, 407 [1st Dept 2018]), a corporation's bylaws provided that at the end of each fiscal year, the corporation's books and records would be audited by a CPA and based on the reports, the corporation would provide shareholders with an annual financial statement. Analyzing a claim for a declaration, the First Department found that "[s]ince the right to an annual financial statement belongs to the shareholders, not the corporation, and it depends on the corporation having the books and records audited, this cause of action in its entirety is a direct claim" (*id.*). Here, the proprietary lease states that "[t]he Lessor [2606 Cropsey Avenue, Inc.] shall deliver to the Lessee [Anthony De Fex and Elena De Fex] . . . an annual report" (NYSCEF Doc No. 102, ¶

6

5). A breach of the proprietary lease by the Co-Op would then violate the legal rights of Plaintiff and his spouse, not the rights of the Co-Op (*Weinstein v Bd. of Directors of 12282 Owners' Corp.*, 71 Misc 3d 1209[A], 2021 NY Slip Op 50338[U], *4 [Sup Ct, NY County 2021]). "Where . . . the plaintiff sues in an individual capacity to recover damages resulting in harm, not to the corporation, but to individual shareholders, the suit is personal, not derivative, and it is appropriate for damages to be awarded directly to those shareholders" (*Glenn v Hoteltron Sys., Inc.*, 74 NY2d 386, 392 [1989]). Thus, Plaintiff is asserting an individual claim and the question now turns to whether Plaintiff has asserted the elements necessary to establish a breach of contract against the Co-Op.

"The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her [or its] contractual obligations, and damages resulting from the breach" (*Canzona v Atanasio*, 118 AD3d 837, 838 [2d Dept 2014] [internal quotation marks and citations omitted]). Damages relating to a breach of contract "may not be merely speculative, possible or imaginary, but must be reasonably certain and directly traceable to the breach, not remote or the result of other intervening causes" (*Kenford Co. v County of Erie*, 67 NY2d 257, 261 [1986]).

The Court of Appeals has determined that "[i]f damages for breach of [a] lease are indeed conjectural, and cannot be calculated with reasonable certainty, then [defendants] should be compelled to perform its contractual obligation" (*Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 194 [1986]). Here, it is undisputed that the Co-Op did not produce statements in accordance with the proprietary lease but Plaintiff has not argued what damages he has incurred. The breach of contract claim must be dismissed to the extent it seeks damages "because [plaintiff] does not allege any facts from which damages attributable to defendants' breach may be reasonably inferred" (*Molina Healthcare, Inc. v WellCare Health Plans, Inc.*, 2019 NY Slip Op 30949[U], *9 [Sup Ct, NY County 2019]; *Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436 [1st Dept 1988]). Nonetheless, Plaintiff's breach of contract claim would still be viable to the extent it seeks specific performance of the Co-Op's obligation to produce an annual report in accordance with Section 5 of the propriety lease (*id.* at *9-10). However, the Court finds that all parties to the proprietary lease by their actions have waived the right to financial statements certified by an independent CPA. Plaintiff testified that he did not provide independently

7

[* 7]

certified fiscal year financial statements during his term[6] and Defendants did not raise any issue until this action was commenced (*see Madison Ave. Leasehold, LLC v Madison Bentley Assoc., LLC*, 30 AD3d 1, 7 [1st Dept 2006] [parties' course of conduct can establish waiver of lease provision]). Moreover, there is no evidence that the Co-Op ever produced statements that complied with the proprietary lease.[7] Accordingly, Plaintiff's breach of contract claim against the Co-Op is dismissed.

To the extent Plaintiff asserts a cause of action for breach of contract against Zadumin, the Court finds that this cause of action is unsustainable, regardless of whether it is a direct or derivative claim. Plaintiff's breach of contract claim is only premised on the proprietary lease, which Plaintiff acknowledges was entered between himself and the Co-Op. Since Zadumin did not sign the propriety lease, "no cause of action for breach of contract can be asserted against" him (*Balk v 125 W. 92nd St. Corp.*, 24 AD3d 193, 193 [1st Dept 2005]; *Nicotra v Dignam*, 2020 NY Slip Op 31934[U], *11 [Sup Ct, NY County 2020]). Thus, Plaintiff's breach of contract claim against Zadumin is dismissed.

Plaintiff's conversion claim concerns the parking spaces of the Co-Op and Zadumin's alleged renting of the spaces to others and direct collection of payments. Plaintiff contends that Zadumin exercised unauthorized dominion over the spaces which belonged to the Co-Op and its shareholders. "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (*Colavito v NY Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 [2006]; *see Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [2d Dept 1975]). "[A]llegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually" (*Abrams*, 66 NY2d at 953; *see also Glenn v Hoteltron Sys., Inc.*, 74 NY2d 386, 392 [1989] ["[T]he innocent shareholder, was injured only to the extent that he was entitled to share in those profits [that were diverted]. His injury was real, but it was derivative, not direct."]).

Here, Plaintiff has not asserted that he made a demand upon the board or that he pled facts demonstrating that a demand would have been futile (*Walsh v Wwebnet, Inc.*, 116 AD3d

---

[6] Plaintiff tr at 84, lines 16-20; at 85, lines 15-24.
[7] "A. For many, many, years. No such reports were ever produced, not by anyone, in the 30, 40-plus year history of the co-op. They were never produced" (Zadumin tr at 36, line 25; at 37, lines 2-4).

8

[* 8]

845, 846 [2d Dept 2014]). Rather, Plaintiff argues that the proprietary lease did not require him to make a demand for the annual report. Plaintiff does not address conversion and why he did not try to demand that the Board initiate an action on that claim. Accordingly, Plaintiff's amended complaint fails to establish a derivative cause of action for conversion. Plaintiff's attempt to keep Zadumin in this action by asserting that he is owed a "separate duty . . . to be treated in a fair and equitable manner with respect to the right to be offered for a rent a parking spot" is unavailing. In fact, in his response to Defendants' first set of interrogatories, Plaintiff denied having "any evidence . . . which support [*sic*] the allegations that Zadumin is renting out the subject parking spots on his own behalf and collecting the rents individually for himself" (NYSCEF Doc No. 106, ¶ 4)., Plaintiff's conversion claim is dismissed.

Defendants' counterclaims seek (1) unjust enrichment for unpaid maintenance and parking spaces rent; (2) breach of fiduciary duty; (c) indemnification/contribution; and (d) breach of contract. With respect to the unjust enrichment counterclaim, Defendants assert that Plaintiff executed a Maintenance Discount Agreement (the "Agreement"), which states that he would provide bookkeeping services in exchange for a monthly $100 discount of his maintenance. Defendants contend that Plaintiff executed this Agreement without the authority to do so or the approval of the shareholders. Though Plaintiff received the discounts for almost 48 months, Defendants assert that the Co-Op never received the accounting services outlined in the Agreement. Defendants further assert that Plaintiff directly received payments for the use of parking spaces but did not deposit them into the Co-Op's bank account. Turning to the breach of fiduciary duty counterclaim, Defendants argue that Plaintiff (i) failed to properly disclose his pecuniary interest in the Agreement to the Board and the shareholders; (ii) failed to hire an accountant to create yearly financial statements; and (iii) failed to deposit all monies received for the use of the Co-Op's parking spaces. Defendants further assert that they are entitled to indemnification should Plaintiff recover against them by reason of his individual, tortious conduct. In addition, Defendants allege that Plaintiff breached the Agreement and the proprietary lease. According to Defendants, Plaintiff's failure to hire an independent CPA pursuant to the terms of the Agreement caused the Co-Op to breach the proprietary lease with its shareholders. In his papers, Plaintiff does not proffer any facts or legal arguments in relation to Defendants' counterclaims. The Court finds that all parties to the proprietary lease by their actions have waived the right to an annual report certified by a CPA.

9

[* 9]

To the extent the Co-Op bases its unjust enrichment claim on the allegation that Plaintiff failed to comply with the terms of the proprietary lease or the Agreement with respect to the financial statements, the Court finds that it is duplicative of its breach of contract claim (*see Avery v WJM Dev. Corp.*, 216 AD3d 887, 890 [2d Dept 2023] ["recovery on an unjust enrichment theory is precluded, since that cause of action arises out of the same subject matter as the breach of contract cause of action"]). In addition, the unjust enrichment claim alleging that Plaintiff received payment for parking but failed to deposit the monies is duplicative of the breach of fiduciary claim (*Emic Corp. v Barenblatt*, 226 AD3d 502, 503 [1st Dept 2024] [finding that an unjust enrichment claim should be dismissed as duplicative of a breach of fiduciary duty claim if it arises from the same facts and seeks the same damages]). Accordingly, the Co-Op has failed to establish entitlement to summary judgment on its unjust enrichment claim.

Turning to the Co-Op's breach of fiduciary claim, the Co-Op alleges that Plaintiff failed to comply with the Agreement and the proprietary release by not hiring an independent CPA to audit records and prepare certified financial statements. Moreover, the Co-Op asserts that Plaintiff breached his fiduciary duty by executing the maintenance discount agreements, which also allegedly violated the Co-Op's by-laws. Thus, these allegations are duplicative of the breach of contract claim (*Hylan Elec. Contr., Inc. v MasTec N. Am., Inc.*, 74 AD3d 1148, 1150 [2d Dept 2010] ["[A] cause of action alleging breach of fiduciary duty which . . . is merely duplicative of a breach of contract claim, cannot stand"]). Accordingly, the only viable allegation concerning the breach of fiduciary duty claim is Plaintiff's purported failure to deposit parking rent he collected.

In particular, the Co-Op alleges that at least $1,260 in parking rent was not deposited into its bank account. This amount includes payments made by former subtenants, Irina Sheynkman ($540), Alexander Berman ($360), and Vitali Grynko ($360). Defendants cite to Plaintiff's interrogatory responses, which includes a chart indicating the sums of all parking rents collected and where the funds were supposedly deposited. In his responses, Plaintiff indicated that Messrs. Berman and Grynko's payments and one of Ms. Sheynkman's $180 payments were deposited into the Co-Op's petty cash account for an unexplained reason. Plaintiff did not proffer an explanation as to why it was deposited in this manner and no parties addressed whether this was authorized by the lease or other agreement. Though Plaintiff's responses may be sufficient to establish that the monies were not deposited into the *bank* account, the Court finds that Defendants have not demonstrated that the Co-Op did not receive the monies at all. Defendants'

10

counsel's averment that the Co-Op experienced a loss of income is insufficient (*Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2d Dept 2006] ["An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance"]). Accordingly, Defendants did not establish entitlement to summary judgment as to the breach of fiduciary claim.

The Court will now address Defendants' breach of contract claim as it relates to Plaintiff's failure to provide independently certified financial statements. To the extent that this claim is based on the terms of the proprietary lease, the Court finds that the relevant provision was waived. Defendants cannot assert on the one hand that Plaintiff waived his right to the Co-Op providing proper financial statements and on the other hand, claim a breach by Plaintiff for not doing the same. With respect to the Maintenance Discount Agreement, the agreement provided that Plaintiff would "[h]ire an accountant to file the corporation's income tax returns and create the yearly financial statements" (NYSCEF Doc No. 104). Defendants assert that Plaintiff breached the Agreement by failing to hire an accountant to file the Co-op's income tax returns and create the yearly *audited certified* financial statements. The Court fails to see where in the Agreement Plaintiff was required to hire a *certified public* accountant and provide certified financial statements.

The Court now turns to Defendants' argument that Plaintiff breached the by-laws by accepting a salary/compensation in the form of monthly maintenance discounts. Article XI, Section 1 of the Co-Op's by-laws provides as follows:

> No salary or other compensation for services shall be paid to any director or officer of the Corporation for services rendered as such officer unless and until the same shall have been authorized in writing or by affirmative vote, taken at a duly held meeting of shareholders, by shareholders owning at least a majority of the then outstanding shares of the Corporation.

"A violation of bylaws is akin to a breach of contract" (Pascual v Rustic Woods Homeowners Assn., Inc., 134 AD3d 1003, 1005 [2d Dept 2015]). At his deposition, Plaintiff testified that "[t]here was no written resolution" by the board concerning the Agreement (Plaintiff tr at 76, lines 23-25). However, Defendants submitted only an attorney affirmation attesting to the amount of times Plaintiff allegedly reduced his maintenance payment. The Defendants' failure to submit evidence establishing damages precludes the granting of summary judgment at this stage.

11

Accordingly, it is hereby

ORDERED, that Plaintiff's motion for summary judgment (Mot. Seq. No. 7) is denied; and it is further

ORDERED, that Defendants' cross-motion is granted only to the extent that Plaintiff's breach of contract and conversion causes of action are dismissed (Mot. Seq. No. 6).

All other issues not addressed herein are without merit or moot.[8]

This constitutes the decision and order of the Court.

_____
Hon. Ingrid Joseph, J.S.C.
**Hon. Ingrid Joseph
Supreme Court Justice**

---

[8] Defendants correctly contend that Elena De Fex, as a joint tenant, is a necessary party to this action (*Weinstein v Bd. of Directors of 12282 Owners' Corp.*, 2021 NY Slip Op 50338[U], *2). In their reply, Plaintiff seeks leave to amend the complaint to add Elena De Fex if the Court finds she is an indispensable party. The proposed second amended complaint refers to Mrs. De Fex, but the substance of the allegations remain the same. Ordinarily, leave to amend is freely given absent prejudice or surprise to the opposing party (*Ferriola v DiMarzio*, 83 AD3d 657, 657 [2d Dept 2011]). Considering the Court's findings, granting leave to amend would not remedy the deficiencies in Plaintiff's case.

12